## Harrisburg School District *v.* Eureka Casualty Company, Appellant.

Argued December 4, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*E. M. Biddle, Jr.*, with him *Arthur H. Hull*, of *Snyder, Miller, Hull & Hull*, for appellant.

*Earl V. Compton*, for appellee.

Opinion by Mr. Justice Maxey, January 2, 1934:

The school district of the City of Harrisburg appointed the Commercial Trust Company of that city a depositary for school district moneys upon the condition that the trust company furnish a surety company bond for the faithful performance of its duties as such depositary, and the repayment on demand of all its moneys deposited with such depositary. The trust company furnished such a bond in the sum of $35,000, with the school district as obligee, and the Eureka Casualty Company, the appellant, as surety. The term of the bond was for one year from August 26, 1931.

One of the provisions in the bond was "that the surety shall have the right to terminate its suretyship under this obligation by serving notice of its election so to do upon said obligee or his or its lawful representative, and thereupon the said surety shall be discharged from any and all liability hereunder for any default of the principal occurring after the expiration of five days after the serving of such notice." The bond was executed in behalf of the casualty company by John C. Orr, attorney in fact.

Thereafter, on September 8, 1931, the school district deposited $35,000 in the trust company and thirty-seven days later, to wit, on the 15th day of October, the trust company was closed and put in the possession of the department of banking for liquidation. In the process of liquidation the school district received one dividend amounting to $2,625. This suit was instituted against the surety company for the balance.

The surety company defended the action, averring that on September 30, 1931, it caused to be delivered to the school district notice of the cancellation of the bond to take effect five days thereafter. This defense was overruled by the jury and a verdict rendered for the plaintiff in the sum of $35,017.21, inclusive of interest.

It is conceded that if the foregoing provision in the bond relating to notice was strictly complied with by the surety company the obligation of this bond was thereupon terminated. Therefore, the question before us is as to the fact and sufficiency of this notice. The notice in question was sent on the letterhead of the Eureka Casualty Company, by registered mail to "John T. Bretz, City Treasurer and/or Collector of City Taxes of the City of Harrisburg, Pennsylvania." Bretz by virtue of his office as city treasurer was the collector of the taxes assessed by the school board for school district purposes; otherwise, he had no official status with the school district and could not be considered its "lawful representa-

tive" as that phrase was used in the bond.   The notice reads as follows:

"September 30, 1931.

"REGISTERED LETTER

"Receipt required signed by addressees

"Mr. John T. Bretz, City Treasurer and/or Collector of Taxes of the City of Harrisburg, Pennsylvania,

"Dear Sir:

"Bond ..................... S-8087
"Property insured.   Depository Bond,
"Cancellation effective noon of October 5, 1931.

---

"Please take notice that the above numbered policy (with endorsements thereon, issued in your name, is hereby cancelled, the said cancellation to take effect five (5) days from date of this letter, at noon, standard time.

"The pro rata unearned premium, if the premium has been paid, will be refunded on demand.

"Yours truly,
"[Signed] M. J. BRODERICK,
"*Authorized Agent.*"

This notice of cancellation was on the day of its receipt mailed to D. D. Hammelbaugh, secretary of the school board of the City of Harrisburg by the chief clerk to the city treasurer.   A duplicate notice was directed to and delivered to the Commercial Trust Company, the depositary.

It is conceded that the secretary of the school board was the proper official upon whom a cancellation notice should be served as under the School Code, article III, section 318, 24 P. S., section 275, the secretary has general supervision of all the business affairs of the school district, subject, of course, to the instructions of the board.

The court below in refusing the motion for judgment n. o. v. held that this notice and the manner of its re-

ceipt by Hammelbaugh, was not such as the bond required in order to be legally effective.

The court said: "The provision in the bond is that notice of intent to cancel shall be given by the surety company to the plaintiff. Knowledge, we think, is too broad a term; it must be notice. General knowledge, as this would indicate, is not what was required in the bond. ...... 'Notice shall be served by the obligor, the casualty company, upon the obligee, or its representatives.' " The court held that though Hammelbaugh received the notice in question nothing that he could say or do could supply any deficiencies it might have as a notice to the obligee or its representatives. The court held that if there were any deficiencies, these could be waived only by affirmative action of the board under section 403 of the Act of 1911, P. L. 309, relating to the entering into contracts of any kind.

This notice to the collector of school taxes was served on him and if the service of the notice terminated there, he not being a lawful representative of the obligee, there would not be a sufficient compliance with the terms of the cancellation provision, but this notice did not stop there. It continued in its course until it reached the secretary of the school board. The fact that service was made by the city treasurer's chief clerk made it none the less a service under the bond. Broderick was authorized by the surety company to give the notice. If he was authorized to give the notice by the party who under the terms of the bond had the right to give it, it is immaterial who served or communicated it, *"if it is shown that the proper person actually received it."* See 3 Black on Rescission and Cancellation (2d edition), section 575. The respective identities of the official giver and official receiver of the notice are material; the identity of the respective intermediate transmitters is *im*material, for, ordinarily, transmission refers only to the "mechanics" of a communication.

When this notice reached the secretary of the school board he apparently read it and discovered that it referred to the bond of the Eureka Casualty Company insuring the deposit of the school district. The notice specifically conveyed this information. The secretary knew that the Eureka Casualty Company only gave the school district one depositary bond and this protected the money deposited by the school district in the Commercial Trust Company. Here then was a cancellation notice of that depositary bond. If there was any doubt of what the notice contained or its meaning to the obligee or the latter's lawful representatives, this doubt is dispelled by the secretary's letter on the official stationery of the board of school directors addressed to Mr. Orr, who executed the bond for the casualty company. This letter is dated October 9, 1931, and reads as follows:

"Mr. John C. Orr,
"236 Locust St.,
"Harrisburg, Pa.

"Dear Sir:

"On September 30, 1931, we received a letter from the Eureka Casualty Company of Philadelphia stating that the depository bond on the $35,000.00 deposited by the Harrisburg School District in the Commercial Trust Company, was cancelled, effective at noon on October 5, 1931.

"I have made repeated efforts to learn whether the Commercial Trust Company would furnish a new bond. The only response I have been able to get is that, through a telephone conversation with the Philadelphia office of the Eureka Casualty Company, you were informed that the cancellation had been recalled. At that time I told you that I would have to have, for the School Board, a letter from the Eureka Casualty Company stating that they had recalled their letter to us cancelling the depository bond. Up to the present time, no such letter has been received.

"You are hereby notified that a letter to the above effect must be received in this office by noon, October 10, 1931, or the Board of School Directors will take action to withdraw the deposit of $35,000.00.

"Very truly yours,

"[Signed] D. D. HAMMELBAUGH,

"*Secretary.*"

This letter serves the legal purpose of showing that the lawful representative of the obligee, the school district of the City of Harrisburg, received the letter from the Eureka Casualty Company, advising of its election "to terminate its surety under this obligation." This letter proves that the obligee or its lawful representative definitely understood "that the depositary's bond on the $35,000 deposited by the Harrisburg School District in the Commercial Trust Company was cancelled effective at noon on October 5, 1931."

This court has often held that the form of notice of a cancellation of a contract is not material if it is a positive and unequivocal act of cancellation: Pomerantz v. Mutual Fire Ins. Co., 279 Pa. 497, 124 A. 139. In the instant case the obligee speaking through its official agent, the secretary, unmistakably revealed that it had received the defendant's notice of its positive and unequivocal cancellation of the bond in question. That the casualty company meant this bond and this bond only in its notice of cancellation is undoubted because the evidence is that the number S-8087 in the notice of cancellation was the casualty company's identification of this particular bond. Finding as we do that the notice is in strict compliance with the terms of the bond and was served upon the lawful representative of the school district, it is not necessary to discuss the question as to whether there was a waiver of defect on the part of the school board.

When this case was here before (310 Pa. 280, 165 A. 242), we said: "Plaintiff contends the notice in ques-

tion did not refer to the bond in suit, and, as a further defense, avers Orr, as agent for defendant, orally, on or about October 8, 1931, reaffirmed and continued the bonding contract. Defendant contests both these statements, further alleging that up to and including October 5, 1931, no default in payment had been made by the trust company. This brief and incomplete review of the pleadings is sufficient to make it evident the case is not 'clear and free from doubt' and......that questions of fact were raised which required submission of the case to a jury." The trial brought out facts not on the record formerly before us, and these facts prove that the notice in question does refer specifically to the bond in suit and that the defendant's agent did not reaffirm and continue the bonding contract after the receipt of the notice, or that he had any such authority so to do. Apparently the defense of reaffirmance has been abandoned by the appellee as no reference thereto is made in its brief or in its argument.

The judgment of the court below is reversed and judgment is here entered for the defendant.