## Furey v. Cheltenham Township School District

*Foulke, Knight & Porter*, for plaintiff.

*Duffy, McTighe & McElhone*, for defendant.

FORREST, P. J., September 28, 1962.—This is an action in mandamus brought by a school teacher who submitted a written resignation to the school board, then sought to withdraw his resignation before the board took formal action thereon, and now demands reinstatement and back pay from the date of resignation. The board filed a preliminary objection in the nature of a demurrer contending that plaintiff is barred by his resignation, which was not properly revoked.

Defendants, by their preliminary objections, admit as true all facts which are averred in the complaint: Schrader v. Heath, 408 Pa. 79 (1962). The facts so averred may be summarized as follows: Plaintiff, Francis X. Furey, under contract with defendant, Cheltenham Township School District, began his employment as a teacher for said defendant in September, 1957. He acquired status of permanent tenure as a professional employe on October 31, 1958, and continued in said service until April 10, 1962. On that day, the principal of the school where plaintiff taught, asserting that he was acting at the request of the local superintendent of schools, presented a form of resignation to plaintiff and demanded that he sign the same.

This demand apparently resulted from an incident between plaintiff and one of his students, which had occurred several weeks earlier. Plaintiff objected to signing the resignation, he asserted his innocence of wrongdoing and demanded to know the nature of the charges against him. Nevertheless, the principal insisted that plaintiff sign the resignation immediately.

Plaintiff, evidently considering that his voluntary resignation would not reflect upon him, whereas his suspension might adversely affect his son and plaintiff's opportunity to adopt a child, signed the resignation under protest. Addressed to the local superintendent of schools, this stated: "I hereby submit my resignation from my teaching position in the School District of Cheltenham, which is to become effective Monday, April 16, 1962."

Plaintiff made an appointment to confer with the local superintendent of schools, which the latter failed to keep. Late in the afternoon of the same day, plaintiff orally told the said superintendent that he repudiated his resignation. Nevertheless, on the evening of April 10, 1962, the superintendent presented plaintiff's resignation to the board of directors of the Cheltenham Township School District and the board went on record as accepting the resignation.

Plaintiff contends in his complaint that his resignation as a matter of law was invalid as a violation of the Public School Code of March 10, 1949, P. L. 30, sec. 1121, 24 PS §11-1121, which provides that a contract may be "terminated by the professional employee by written resignation presented sixty (60) days before the resignation becomes effective . . ." He also contends that he was not given notice of cause for termination of his contract, or a hearing, as provided for by the same section of the Public School Code.

Defendants contend that plaintiff terminated his employment by submitting his written resignation and hence that plaintiff has not, and cannot, state a cause of action. The contract between plaintiff and his employers is phrased in accordance with the Public School Code of March 10, 1949, P. L. 30, sec. 1121, as amended, 24 PS §11-1121. The contract provides, inter alia, that: "this contract shall continue in force year after year . . . unless terminated by the professional em-

ploye by written resignation presented sixty (60) days before resignation becomes effective . . ."

" 'Presented' naturally means presented to the board of school directors, in whom alone the contractual power of the district is vested and who alone have the power to appoint or dismiss": Rice v. Ford, 2 D. & C. 2d 543, 551-552 (1954). Defendants argue that "presentation to the superintendent, an ex officio member of the school board, was presentation to the board. That argument is untenable. A resignation must be directed to the proper authority which is generally regarded as the tribunal having authority to appoint the successor or it is a nullity": Application for Appointment of Supervisors for Hampden Twp., 5 Cumb. 192 (1955).

"No single member of the board is the board itself. . . It is further argued that presentation to the superintendent was presentation to the school board because the superintendent was the board's agent. The district superintendent is the agent of the board insofar as supervision over instruction is concerned but he is not the board's agent as to any of the contractual or business affairs of the school district. Such agency is vested in the secretary of the board. [Public School Code of 1949, sec. 433, 24 PS §4-433]. The secretary of the board is the proper agent upon whom notice of termination of a contract should be served: Harrisburg School District v. Eureka Casualty Co., 313 Pa. 342, 345"; Rice v. Ford, supra, 553. For this reason, plaintiff's written resignation was ineffective to terminate his contract.

Assuming arguendo that plaintiff's letter of April 10, 1962, be construed as addressed to the board of school directors, was it effective as a written resignation when acted upon by the directors? " 'Since acceptance is necessary to the completing of a resignation, the resigning officer may withdraw his resignation before it has been accepted by the proper authority' ":

Application for Appointment of Supervisors for Hampden Twp., supra, 193. "A resignation may be withdrawn before acceptance . . .": 30 P. L. Encyc., 120, Public Officers, §45. This applies to school teachers: 78 C. J. S. p. 1102.

Other jurisdictions have decided likewise. "Generally a resignation prospective or conditional in character may be withdrawn at any time before it is accepted": 67 C. J. S. p. 228. The cases of Korev v. Board of Education, 88 N. Y. S. 2d 160 (1949), and Winkell v. Teachers Retirement System, 149 N. Y. S. 2d 443 (1956), are inapposite. In each of those cases, the teacher's resignations had been accepted by the school board before the teacher tried to withdraw the resignation. Since plaintiff has alleged that he withdrew his resignation before it was accepted, it is unnecessary to consider whether the resignation was not given by plaintiff of his own free will and could be repudiated at any time: Jones v. Rose, 18 Cambria 170 (1956); 30 P. L. Encyc., Public Officers, §45; 67 C. J. S. p. 229, and cases cited therein.

Defendants contend that plaintiff is barred from reinstatement under the alleged rule that since the resignation, in order to be valid, must be in writing, the revocation of resignation also must be written or else, it is ineffective. Defendants have cited no statutory or decisional authority that such a rule exists in Pennsylvania. The resignation in this case was prospective in nature and it is reasonable and proper to treat the same as an offer to terminate the contract of employment. "An offer may be terminated by . . . revocation by the offeror. . .": Restatement, Contracts, §35. "Revocation of an offer may be made by a communication from the offeror received by the offeree which states or implies that the offeror no longer intends to enter into the proposed contract, if the communication is received by the offeree before he has exercised his power of creat-

ing a contract by acceptance of the offer": Restatement, Contracts, §41; East Pennsylvania Railroad v. Hiester, 40 Pa. 53 (1861); Owen M. Bruner Co. v. Standard Lumber Co., 63 Pa. Superior Ct. 283 (1916).

Accordingly, it appears, although we need not decide, that plaintiff could lawfully revoke a resignation orally as well as by a writing.

And now, September 28, 1962, the preliminary objection to the complaint is overruled. Defendants are allowed 20 days from this date within which to answer on the merits.