## McGill v. Roggio

*James C. Crumlish,* and *Arthur J. Kania,* for plaintiff.

*J. B. Brumbelow,* and *S. J. Marks,* for defendants.

CHUDOFF, J., July 10, 1963.—This case was before us on plaintiff's rule upon defendants to show cause why plaintiff's complaint in equity should not be indexed against the property 7901 Henry Avenue, in the Twenty-first Ward, City of Philadelphia.

Plaintiff filed a complaint in equity on May 31, 1963, alleging, inter alia, a breach of contract and fraud on the part of defendants Salvatore Roggio, Jr., Clara Roggio, Livio Pandolfi, and Sara Pandolfi, and malicious interference with a contract on the part of defendant Louis Agnes.

It is plaintiff's contention that he is entitled to have his action indexed as a lis pendens under the Acts[1] of Assembly.

Before proceeding further we feel it is important to note that subsequent to this argument the parties were before us on defendants' preliminary objections to plaintiff's complaint. Defendants contended that plaintiff has an adequate remedy at law and defendant Agnes also argued that there being no privity of contract as between plaintiff and himself, the complaint should be stricken off.

We dismissed all defendants' preliminary objections with leave to file an answer within 20 days. It was our opinion that, although plaintiff's cause of action sounded in assumpsit, for a real estate broker's commissions, since the complaint also alleged a tort action, malicious interference with a contract, we felt that the court of equity should retain jurisdiction since plaintiff's remedy at law was not both an adequate and

---

[1] Act of June 15, 1871, P. L. 387, sec. 1, as amended September 22, 1961, P. L. 1598, sec. 1, 17 PS §1908; Act of May 22, 1878, P. L. 95, sec. 1, as amended, June 19, 1913, P. L. 532, esc. 1, 17 PS §1910.

complete one: Schrader v. Heath, 408 Pa. 79 (1962).

The Act of 1871, supra, as amended, provides inter alia, as follows:

..."when ... or a petition to declare void any agreement, deed or other paper or proceeding conveying or vesting title to real estate in this commonwealth, ..."

The other applicable Act of Assembly plaintiff relies upon is the Act of 1878, supra, which provides, inter alia, as follows:

..."from and after the passage of this act, it shall be the duty of the prothonotaries of the several courts of common pleas in this Commonwealth to keep a separate index docket, in which shall be entered, ... the names of all parties to suits in equity *affecting real estate in any wise; and the names of all parties to proceedings otherwise relating to real estate, which the court shall deem advisable to be entered therein, ...*" (Italics supplied.)

Plaintiff is attempting in this lis pendens action to index a complaint in an action not pertaining to, or affecting, title to real estate, but one which involves a suit by real estate broker to recover commissions which he alleges he earned. Our only concern, however, is whether plaintiff is entitled to such indexing. We think not.

The statutes in question specifically state in any action to ... "declare void any agreement, deed or other paper or proceeding conveying or vesting title to real estate" ... and ... "to suits in equity affecting real estate in any wise,"...

This action under no stretch of the imagination can be said to affect real estate or the title thereto. Plaintiff, if he proves the allegations in his complaint, would be entitled to damages from defendants.

We can find no language in either of the aforementioned statutes that would grant plaintiff the indexing he requests.

In a case on point with the one at bar, Judge Sweney, in Hambleton & Ezekiel v. Seldon, 34 Del. Co. 126 (1946), in his opinion stated, at page 127, in which he discussed the Act of 1871:

"A reading of this section clearly indicates that the class of cases to be indexed and certified were cases where the title to real estate is involved. To hold otherwise would open the door to all suits in assumpsit being indexed, where defendants were the owners of real estate."

In discussing the Act of 1878, Judge Sweney also stated at page 127:

". . . had such an application been made, it would have been refused for the same reason—it does not involve title to real property."

Plaintiff relies heavily upon the case of Dice v. Bender, 383 Pa. 94 (1955), to support his contention. However, after a careful reading we feel that that case is not controlling upon the facts presented in the case at bar. In fact, if anything, the case prejudices the plaintiff. Mr. Chief Justice Stern said, at page 98: "Thus, if a plaintiff were to delay unreasonably in the prosecution of his claim, . . . equity can and should refuse to give it effect, . . ."

Plaintiff's alleged claim arose in July 1962, yet, he waited until May 31, 1963, to file his complaint and June 1963, to file his rule for indexing. Assuming arguendo, plaintiff had a right to have his complaint indexed, which he does not, we would still be constrained under equity principles to discharge his rule.

For the foregoing reasons plaintiff's rule upon defendant to show cause why the complaint should not be indexed was discharged.