Legman *v.* Scranton School District et al.,
Appellants.

Argued October 10, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Carl Carey*, with him *M. H. Goldstein*, for appellants.

*Robert T. Gownley*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 13, 1968:

Appellee instituted this action in equity to enjoin the school district from paying increased salaries to certain teachers in the Scranton school system who allegedly went on strike in December 1967. The gravamen of his complaint is that such action by the school board (which has already progressed to the point of approving this raise in the 1968 budget) would violate the Strike by Public Employees Act, Act of June 30, 1947, P. L. 1183, §1 et seq., 43 P.S. §215.1 et seq. This statute provides that whenever a "public employee" goes "on strike" such employee may return to his previous employment only on the condition that his compensation remain the same as before the walkout for a period of three years. Appellants (a group which now includes as intervening parties the two teachers' unions) filed preliminary objections to the complaint. It is from the dismissal of these objections that appellants lodge this appeal.

Their first contention is that equity has no jurisdiction to hear this case. The argument is based on the proposition that the Strike by Public Employees Act contains the exclusive means for determining whether a violation of the act has occurred. The section relied

upon provides: "Notwithstanding the provisions of any other law, any person holding such a position who, without the lawful approval of his superior, fails to report for duty or otherwise absents himself from his position or abstains, in whole or in part, from the full, faithful and proper performance of his position shall be deemed on strike: Provided, That such person, upon request, shall be entitled to establish that he did not violate the provisions of this act. Such request must be filed in writing within ten days after regular compensation of such employe has ceased. In the case of a public employe who is entitled by law to a hearing upon dismissal or removal, such written request shall be filed with the officer or body having power to remove such employe, and such officer or body shall within ten days conduct a hearing to determine whether the provisions of this act have been violated by such public employe in the manner provided by law, appropriate to a proceeding to dismiss or remove such public employe."

We agree that this part of the statute clearly provides the *sole* procedure by which it may be determined whether a school employee violated the act. But this conclusion is not dispositive of the issue before this Court. Here we have a taxpayer of the school district complaining that the school board is about to make illegal payments. He seeks to guarantee by restraining the school board that no such payments are made. Thus it is a controversy between the taxpayer and the school board. This type of litigation clearly does not come within the language of section 5 of the Strike by Public Employees Act which directs: "That such person, [public employee allegedly on strike] upon request, shall be entitled to establish that he did not violate the provisions of the act." The section five procedure only comes into play *once* the school board has determined

that one or more of its employees has been "on strike" and decides that such striking employee or employees are not entitled to increased compensation because of the penalty provision of section 4 of the act.

What the taxpayer in the instant action seeks is to restrain illegal payments by the school board; if successful in obtaining the injunction, the school board will be required to make the initial determination whether or not any of its employees were on strike. Once it decides which, if any, of the teachers were on strike and refuses to pay the increased compensation to those employees because of the section 4 penalty, *then* section 5 becomes operative. This latter section will provide a procedure by which teachers who have been adjudged "on strike" and who wish to appeal such determination may have their grievances adjudicated.

But section 5 may never come into play if the school board decided that it would be appropriate to disregard the penalties imposed by section 4. Thus some procedure is required to compel the school board to give effect to the act. Certainly the Strike by Public Employees Act provides no such procedure, let alone the exclusive procedure as alleged by appellants. However, for this purpose an action in equity is perfectly suitable. Equity can mold a decree which precludes the school district from ignoring the act. In fact, equity can be said to supply the *only* adequate and complete remedy available to appellee in this case. See *Schrader v. Heath*, 408 Pa. 79, 182 A. 2d 696 (1962). Moreover, when the sustaining of preliminary objections will result in a denial of claim, or a dismissal of suit, preliminary objections should be sustained only in cases which are clear and free from doubt. *Conrad v. Pittsburgh*, 421 Pa. 492, 218 A. 2d 906 (1966); *Baker v. Brennan*, 419 Pa. 222, 213 A. 2d 362 (1965); *Schrader v. Heath*, supra.

Appellants' second contention that appellee failed to join indispensable parties, i.e., certain striking teachers who are not members of either union, must fail because of our disposition of the first objection. Both parties agree the general rule is that a party in an equity action is indispensable when his interest in the proceeding is of such a nature that a final decree cannot be made without affecting his interest or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. *Gardner v. Allegheny County*, 382 Pa. 88, 114 A. 2d 491 (1955). But the disposition of this controversy will not affect the interest of any individual employee of the school district. It is true that, if the injunction is obtained, the school board will withhold raises from employees who it determines were "on strike." However, such action by the school board will hardly be conclusive of the rights of these teachers since section 5 of the act provides a procedure by which each affected teacher will be able to challenge the school board's determination. Thus all that will be adjudicated in the present litigation is the propriety of the school board paying raises to all teachers without determining whether any of such employees went "on strike." In such a controversy, the individual teachers are clearly not indispensable.

The order of the court below dismissing the preliminary objections is affirmed. Each party to pay own costs.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I cannot agree with the majority because plaintiff-appellee has failed to state a cause of action. The only allegation of impropriety on the part of the school

board is that in its budget the board provided for salary increases. Such allegation should not elicit the courts' intrusion into the local affairs of a school board as a "super board" or as a policeman. Members of the school board know that any illegal act will expose them to surcharge. We cannot restrain anticipated illegalities or improprieties on the mere allegation that a budget provides the funds for such anticipated improprieties. I would reverse the lower court and dismiss the complaint.