Oas, et al. *v.* Commonwealth, et al.

· Argued January 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John R. Wingerter,* with him *Bernard L. Siegel,* for plaintiffs.

120

*Irving Murphy*, with him *Daniel L. R. Miller, Mac-Donald, Illig, Jones & Britton* and *McClure, Dart, Miller & Kelleher*, for defendants Girard School District and Edward J. Potter.

*Thomas J. Oravetz*, Deputy Attorney General, with him *Israel Packel*, Attorney General, for Commonwealth defendants.

OPINION BY JUDGE KRAMER, March 7, 1973:

This case is before this Court on Preliminary Objections. On July 22, 1972, David Oas, James Julian and Alice Fulgenzio (plaintiffs) filed a complaint in equity, "on behalf of themselves and on behalf of all taxpayers in or about the Girard Union [sic] School District and in or about the Commonwealth of Pennsylvania from whom taxes are imposed and collected for education by the Girard Union [sic] School District or any other school district of the Commonwealth of Pennsylvania or the Commonwealth of Pennsylvania and also on behalf of all school children of the Commonwealth of Pennsylvania." The suit was intended to be filed under the original jurisdiction of this Court, as found in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, as amended, 17 P.S. §211.401. Named defendants in the case are the Commonwealth of Pennsylvania, the Pennsylvania Department of Education, the Pennsylvania State Tax Equalization Board, the State Treasurer (Commonwealth defendants) and Girard School District and Edward J. Potter, who is the Tax Collector for the school district (local defendants).

In summary, it would appear that the plaintiffs, faced with a recently enacted substantial increase in local real property taxes for school purposes, filed their complaint with the intention to challenge the constitutionality of the method of financing public school educa-

tion through taxation by the local school district and the Commonwealth of Pennsylvania.

As will be pointed out hereinafter, the complaint is rather vague and confusing. It consists of five counts. Count I alleges that the real estate property tax, which is levied by the school district, violates the equal protection clauses of both the Pennsylvania and United States Constitutions in that it "insures that the level of education . . . is a function of the wealth . . . of the school district . . . as measured by the tax base. . . ." It states that there is a marked difference in the quality of educational services, equipment and facilities resulting from an inequitable apportionment of State resources; and that this results because the method of financing public education in Pennsylvania is discriminatory in that it is based upon the wealth of local school districts. Count II again alleges that the assessment and collection of local real estate property taxes violates the equal protection clauses of the two constitutions, because Section 603 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §6-603, causes disproportionate burdens of taxation for education dependent upon geographic residence determined by arbitrarily drawn boundary lines, within which the wealth of a school district is determined. It also alleges that the variation in the amount paid by taxpayers of the various school districts bears no relationship to the educational needs or opportunity of the students. It further alleges that special grants and aid were given to at least two school districts without similar grants being given to the other school districts in the Commonwealth.

Count III alleges that the real estate property taxes levied by the local school districts violate the uniformity clause of the Constitution of Pennsylvania (art. VIII §1) in that there is a great disparity in tax rates between school districts based upon their respective

wealth. Count IV alleges that the school districts of Philadelphia and Pittsburgh have received special grants and aid for educational purposes from the Commonwealth through legislation which violates the special legislation provision of the Pennsylvania Constitution (art. III §32). Count V states that the real estate property tax levied by the local school districts is an oppressive tax which violates the due process clause of the 14th Amendment of the United States Constitution and Article I, §1 of the Pennsylvania Constitution in that it deprives property owners of their property (tax dollars) without due process of law.

The prayer of the complaint asks this Court (1) to enjoin the levy and collection of all property taxes used for the purpose of supporting education in the Commonwealth of Pennsylvania, (2) to declare unconstitutional the real estate property tax "as a method of financing education," (3) to declare unconstitutional the special aid granted to the school districts of Philadelphia and Pittsburgh, (4) to make the Commonwealth defendants account for all monies paid to the school districts of Philadelphia and Pittsburgh, (5) to compel the Commonwealth to grant a pro rata share of all special aid granted to some school districts to all school districts and lastly, to force the Commonwealth to implement a system of financing education in Pennsylvania which would be constitutional.

On August 11, 1972, the Girard School District filed Preliminary Objections in the nature of a general demurrer, and also based upon the failure to join necessary parties. On September 1, 1972, the local Tax Collector, Potter, filed Preliminary Objections identical in principle to those of Girard. On September 18, 1972, the Commonwealth defendants filed Preliminary Objections under four specified headings. First, a motion to strike the complaint for the reason that (a) the complaint fails to disclose a proper class action, (b) that because

of a failure by the plaintiffs to allege that they failed to receive the equal educational opportunity described in the complaint that they therefore lack standing to assert the claim and (c) that the plaintiffs have not alleged that they bear any greater tax burden than other taxpayers thereby indicating a lack of standing to raise the issue. Secondly, a motion for a more specific pleading in general, based upon (a) the failure of the plaintiffs to identify or allege the actions of the Commonwealth defendants which violate the plaintiffs' constitutional rights and (b) the failure to set forth how the plaintiffs are harmed. Thirdly, the Commonwealth defendants set forth a general demurrer; and fourth, they present a motion to dismiss for failure to join necessary parties, viz., the school districts of Philadelphia and Pittsburgh.

We will deal with each of the Preliminary Objections under separate headings.

### Motion To Dismiss for Failure To Join Necessary Parties

Count IV of the complaint alleges that the school districts of Philadelphia and Pittsburgh have received, through legislation, special aid which was unconstitutional and illegal. The prayer of the complaint requests this Court to declare such special grants to be in violation of the Pennsylvania Constitution. If the plaintiffs are correct in their assertion, then the school districts of Pittsburgh and Philadelphia in this case would be directly and immediately affected by a final order of this Court. The school districts of Philadelphia and Pittsburgh were not made defendants to this suit. The rule is "that a party in an equity action is indispensable when his interest in the proceeding is of such a nature that a final decree cannot be made without affecting his interest or leaving the controversy in

124

such a condition that a final determination may be wholly inconsistent with equity and good conscience." *Legman v. Scranton School District*, 432 Pa. 342, 346, 247 A. 2d 566, 569 (1968). *See also Potteiger v. Fidelity-Philadelphia Trust Company*, 424 Pa. 418, 425, 227 A. 2d 864, 869-70 (1967) where our Supreme Court said: "Any person who might be adversely affected by a decree must be made a party. . . ." We hold that these two school districts have such an interest in the subject matter of this suit, and in the relief sought, that their legal presence as parties to the proceeding is indispensable, without which this Court will not proceed.

Another indication of the lack of understanding by the plaintiffs on the requirements for naming and joining the proper parties to such a suit is the plaintiffs' treatment of the several Commonwealth defendants. Two of the Commonwealth defendants named, the Pennsylvania State Tax Equalization Board and the Department of Education, are only incidentally mentioned in the prayer for relief with regard to accounting for the monies provided specially to the school districts of Philadelphia and Pittsburgh. There is no allegation of culpability by them, nor any requested act or prohibition mentioned in the prayer, and therefore, the plaintiffs have improperly joined them as party defendants. Furthermore, the complaint displays a complete lack of knowledge of and fails to state the statutory duties and responsibilities of the Tax Equalization Board. The State Treasurer is mentioned to an even lesser degree.

### Motion To Strike

As stated hereinbefore, the plaintiffs aver that they are taxpayers and bring this action on behalf of themselves and a whole host of generally described persons. (See quotation in the first paragraph of this Opinion.)

Nowhere do they allege that all the other unnamed persons they contend to represent have the same or similar interests of the named plaintiffs. In their brief, the plaintiffs describe their action as a "true class action" because they bring their suit as taxpayers. *See* Goodrich-Amram §2230.

The law of this Commonwealth now recognizes the class action as a proper approach to the filing of a lawsuit. However, the principal requirement of such a lawsuit is that the members suing (or sued if a class defense) represent the entire class asserted and that the relief sought (or defended against) is common to all of the members of the class described. There is no doubt that the plaintiffs in this case could conceivably bring a class action on behalf of themselves and all taxpayers in the Girard School District or on behalf of all school children in the school district, and even conceivably of all school children or taxpayers in the Commonwealth of Pennsylvania similarly situated. The problem is that the plaintiffs have overextended themselves and have improperly described the class which they represent so as to include everyone in the State (e.g., "any other school district of the Commonwealth of Pennsylvania"), the interests of some of whom are obviously, from the wording of the complaint, adverse to those of the plaintiffs. To include persons or parties whose interests are adverse to those of the intended class is an improper designation of the class. We are not so much concerned with whether these plaintiffs could have more properly worded their representation to include their own children, or the children of the Girard School District. Rather, we are concerned with the fact that the plaintiffs have included in the class, students, taxpayers and school districts whose interests would be adverse to the prayer for relief sought by the plaintiffs.

Class actions were not permitted under the Common Law. This Commonwealth, however, with the adoption of Pa. R.C.P., Rule No. 2230(a) provided for class actions. It states: "(a) If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto." Quite clearly, the rule says that persons may sue on behalf of a class if they "adequately represent the interest of all." In *Penn Galvanizing Co. v. Philadelphia*, 388 Pa. 370, 379, 130 A. 2d 511, 516 (1957), our Supreme Court stated: "They are not the only taxpayers of the borough, and the matter is therefore squarely within the principle of Gray v. Chaplin, 2 Sim. & Stew. 267, that: 'In order to enable a plaintiff to sue on behalf of himself and others who stand in the same relation with him to the subject of the suit, it must appear that the relief sought by him is in its nature beneficial to all those whom he undertakes to represent.' That principle is sound, and, so far as we are aware, has never been departed from." That same principle is applicable here.

At a time in the history of the law when courts are being inudated with class suits brought by all kinds of organizations with a penchant for social and economic reforms on a gigantic scale, when the courts, rather than the legislative process, are being used to change things governmental, and when the case loads are being increased for all courts almost daily, lines must be drawn to keep class actions within reasonable bounds.

We hold that there must be a cause, right or privilege common to all within the class so that the named plaintiffs can allege they represent a class similarly situated.

If time were of the essence, or if a statute of limitations was involved, we might be disposed to permit the plaintiffs to correct their improper description of the class they represent. That is not the case here. In granting the motion to strike the complaint, we do so without prejudice to the plaintiffs to file another action in the proper form.

If the plaintiffs had restricted the class so as to include only those citizens, taxpayers and school children who were harmed or injured by State or location action in a manner similar to the plaintiffs, or their own children, or the children in the Girard School District, the class might be proper. But to include all school districts and all school children in the Commonwealth of Pennsylvania, some of whom have adverse interests to those of the plaintiffs, is indeed an improper class action. If the plaintiffs are correct in their approach to this case, then all plaintiffs, in the future, would need only state that they represent all citizens of the Country, excepting only the named defendants, no matter what their interests or positions might be, and the courts then would be put to the task of determining such far-reaching allegations by reducing the class to its proper parameters for the plaintiff. The responsibility for determining and describing the proper class must be placed upon those bringing (or moving) the action. Where the class is so grossly ill-defined and unreasonably broad, as here, the plaintiffs have failed to bring a proper class action and the complaint must be dismissed.

MOTION FOR MORE SPECIFIC PLEADING AND DEMURRER

Even a cursory reading of the complaint in this case makes it obvious that the plaintiffs have read the recent decisions of the various courts dealing with the financing of state education, as it relates to the equal

opportunity of public school students to receive an education. Anyone concerned with this very important and newly developing area of the law is anxiously awaiting the United States Supreme Court decisions in the *Rodriguez v. San Antonio Independent School District*, 337 F. Supp. 280 (W.D. Tex. 1971)[1] and *Serrano v. Priest*, 5 Cal. 3rd 584, 487 P. 2d 1241, 96 Cal. Rptr. 601 (1971). Indeed, this Court is fully cognizant of the possible challenges which could be made to the Pennsylvania system of financing public education. The propriety of filing such a lawsuit in a proper fashion is without question. However, the plaintiffs in this case have filed a complaint which is so vague and general that in its present state, it obviously fails to state a cause of action. Unfortunately, all of the defendants have filed as a part of their Preliminary Objections a demurrer stated in general cursory terms. This Court recently, in the case of *Brennan v. Smith*, 6 Pa. Commonwealth Court 342, 299 A. 2d 683 (1972) held that a demurrer must set forth specific reasons why the complaint is inadequate under Rule 1028(a) of the Pennsylvania Rules of Civil Procedure. Following our holding in that case, we would have to overrule the demurrer aspects of the Preliminary Objections. Our dismissal of the complaint for other reasons precludes the problem.

The plaintiffs correctly note that a school district under the law in Pennsylvania is an agency of the State. However, the complaint does not set forth in an adequate manner any allegations on how the assessing and levying of local real estate taxes are controlled by the Commonwealth defendants. The complaint fails to provide allegations on how the State's subsidy of education funds to the various school districts violates

---

[1] Argued before the U. S. Supreme Court, No. 71-1339, October Term 1971.

the plaintiffs' rights. All that the many paragraphs of the several counts of the complaint really do is to make general allegations of constitutional violations without notice in the pleadings to the defendants as to what part each respectively plays in the violations alleged. For example, Grace Sloan, the State Treasurer, was named a party-defendant. With the exception of a general description of her official position and her authority to execute checks, there is not one allegation in the entire complaint to which she could make answer for her part in whatever violation of the law the plaintiffs believe she committed. There is not one mention of the State Treasurer in the prayer for relief. Another example is that in the prayer for relief, the plaintiffs ask this Court to enjoin the levy and collection of all property taxes used for the purpose of supporting education in the Commonwealth of Pennsylvania. How this Court could enjoin the tax collector in any county, other than perhaps Mr. Potter, is left to one's imagination by the complaint. This factor, together with the other inadequacies described herein, permits us to sustain the Preliminary Objections of the local defendants for nonjoinder of necessary parties. Fortunately, because of our rulings on the motion to strike, we will not have to rule on the motion for a more specific pleading. We note, however, that the latter motion would have been granted, if necessary, because a major overhaul of the entire complaint would have been required so that each of the defendants would know what alleged action on their part was deemed by plaintiffs to be a violation of the law.

Therefore, we will grant the Motion To Strike the Complaint, without prejudice, so that the Plaintiffs may consider the possibility of filing a new lawsuit in a proper and adequate manner. We therefore

130

### ORDER

AND NOW, this 7th day of March, 1973, upon consideration of the pleadings filed and after the submission of briefs and arguments, the Preliminary Objections of the Commonwealth defendants on their Motion To Strike because of lack of conformity to law or rule of court and for nonjoinder of necessary parties are hereby sustained; the Preliminary Objections of the local defendants on the nonjoinder of necessary parties are sustained, and it is hereby ordered that the complaint of David Oas, James Julian and Alice Fulgenzio, et al. be and hereby is dismissed, without prejudice. Parties to pay own costs.