## Jacob & Jane Zook, Inc. v. Hex Barn

*Arnold, Bricker, Beyer & Barnes,* for objections.
*John C. Thompson,* contra.

JOHNSTONE, *P. J.,* July 11, 1975—In this action in equity, plaintiff seeks to enjoin defendant from misappropriating and distributing a hex sign bearing a house blessing design and for an accounting of all profits derived by defendant from his sale of such signs. Preliminary objections in the nature of a demurrer have been filed by defendant in which he claims that plaintiff has not stated a cause of action. Argument on the preliminary objections has been heard by the court sitting en banc.

In disposing of defendant's demurrer, we will, of course, accept as true all well-pleaded facts in the complaint, and we will not dismiss the complaint if a cause of action is stated which requires an answer on the merits: Pa. State Spirit Assn. v. 1st Ch. of S. R. & H., 430 Pa. 527, 529, 244 A. 2d 31 (1968). We will not sustain the preliminary objections unless it

is clear and free from doubt that we are compelled to do so: *Legman v. Scranton Sch. Dist.*, 432 Pa. 342, 345, 247 A. 2d 566 (1968).

From the complaint we learn that prior to plaintiff 's incorporation, Jane Zook, a stockholder and officer of the corporation and an authority on Pennsylvania folk art, created an original hex design bearing the legend "Bless this house." Reproductions of this design were produced in three sizes and sold to dealers and the general public in substantial quantities and at a substantial profit. Considerable time and money were spent by plaintiff in promoting the sale of the house blessing hex sign. Some of these signs were purchased by defendant for resale during the years 1962, 1963 and 1964.

Subsequent to the creation, reproduction and promotion of the hex sign by plaintiff, defendant produced silk screen copies of the house blessing design on hardboard discs in two sizes and engaged in the sale of said signs to dealers and the general public in competition with plaintiff. Written notice was given to defendant to cease his reproduction and sale of the house blessing hex sign, but he has continued his same activities with relation to the hex sign.

An examination of the Zook hex sign and defendant's copy of it, which are attached as exhibits to the complaint, reveals only one visible difference between the two. The Zook sign has the name "Zook" printed in small letters near the bottom and this difference is not readily apparent except on close scrutiny or one's attention being called to it. Plaintiff claims that defendant has misappropriated its original art creation and is engaged in unfair competition.

The only question before us is whether plaintiff has stated a good cause of action. There is no claim that the hex sign in question has been copyrighted and we are, therefore, not concerned about any copyright infringement.

"While a competitor may, subject to the patent, copyright and trademark laws, imitate his rival's business practices, processes and methods, yet the protection which the law affords to competition does not and should not countenance the usurpation of a competitor's investment and toil": Pottstown D. N. Pub. Co. v. Potts. Broad. Co., 411 Pa. 383, 394, 192 A. 2d 657 (1963). In the present case, plaintiff's "investment and toil" has been usurped by defendant without license or consent, and he is reaping where he has not sown. This is our understanding of unfair competition.

The leading case on unfair competition is International News Service v. Associated Press, 248 U.S. 215, 39 S. Ct. 68, 63 L. Ed. 211 (1918), where the United States Supreme Court held that plaintiff possessed an equitable "quasi-property" right in the news (it gathered), even after publication, and that the appropriation of such news for its own gain and profit amounted to unfair competition and such conduct was enjoinable. In the same case but in a concurring opinion, palming off defendant's product as that of plaintiff's was also considered a form of fraud and an unfair trade practice.

There are numerous other cases on the subject of unfair competition which we see no need to consider specifically here. Suffice it to say that plaintiff has an original product which defendant has copied and is now producing and selling without any investment of time and money to the detriment of plaintiff. We are fully satisfied that, subject to proof, the plaintiff has stated a good cause of ac-

tion which requires an answer on the part of defendant.

And now, July 11, 1975, the preliminary objections filed by defendant are dismissed and defendant is granted leave to file an answer within 20 days.