**Allentown Hospital Assn. v.
Board of Trustees**

*J. Shane Creamer, Edward H. McGee,* and *Montgomery, McCracken, Walker & Rhoads,* for plaintiffs.

*K. Robert Conrad, Pepper, Hamilton & Scheetz,* and *Charles I. Thompson,* for defendants.

WIEAND, *J.,* July 25, 1975 — This action in equity was instituted against the trustees of the Allentown Hospital Association, a nonprofit corporation, by various members of the association suing in the name of the corporate hospital. The complaint charges that the trustees have breached their fiduciary duties by "transferring functions, assets, resources, medical programs, educational programs and medical services" to the Allentown-Sacred Heart Hospital Center, a corporation (hereinafter referred to as "ASH").

ASH came into being as a result of a joint venture between the Allentown and Sacred Heart Hospitals. The avowed purpose of such joint venture was to improve the delivery of medical services to the people of Lehigh County by (1) constructing a new hospital center, and (2) allocating services among the local hospitals. Allentown AHEAD Fund, Inc. (hereinafter referred to as "AHEAD"), was organized to raise funds for the improvement of exist-

ing hospital facilities and the construction of a new hospital center. AHEAD continues to exist for the purpose of receiving pledged contributions and distributing the same according to agreement among the participating hospitals.

ASH now conducts a new, multimillion dollar hospital center in the suburbs of the City of Allentown. It is managed by a board of directors which contains representatives from the boards of both the Allentown and Sacred Heart Hospitals.

Plans to allocate services among the hospitals met resistance from the beginning. An action in equity instituted by the Most Rev. Joseph McShea, Bishop of the Roman Catholic Diocese of Allentown, and Friends of the Sacred Heart Hospital, was settled amicably by all parties after lengthy court proceedings. The allocation of services between Allentown Hospital and ASH has now given rise to the instant litigation. Plaintiffs seek the entry of a decree which, inter alia, would restrain the further transfer of assets, personnel and programs from the Allentown Hospital to ASH and direct the reestablishment at Allentown Hospital of certain medical services heretofore transferred. It seeks also to limit Allentown Hospital's future cooperation with ASH in programs for the "allocation of services" and for "coordinated admissions."

Because of the nature of the relief requested in plaintiffs' complaint, Leonard P. Pool, one of the named defendants, has petitioned the court to order the joinder of certain allegedly indispensable parties. These parties include ASH, AHEAD, Sacred Heart Hospital and all parties who were privy to the agreement by which the earlier litigation was settled.

The parties to the instant action are agreed that

in an equity action a party is indispensable "when his interest in the proceeding is of such a nature that a final decree cannot be made without affecting his interest or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience.": Legman v. Scranton School District, 432 Pa. 342, 346, 247 A. 2d 566 (1968); Gardner v. Allegheny County, 382 Pa. 88, 96, 114 A. 2d 491 (1955). One must be joined who otherwise, not being bound by the decree, might assert a demand which would be inequitable after performance of a decree in favor of plaintiffs: Potteiger v. Fidelity-Philadelphia Trust Co., 424 Pa. 418, 227 A. 2d 864 (1967); Gardner v. Allegheny County, supra, at pages 95-96; Fineman v. Cutler, 273 Pa. 189, 193, 116 Atl. 819 (1922). The reason for requiring that all persons interested in the subject be before the court is to effectuate equity's policy of settling all rights concerning the matter in litigation in one proceeding and thereby avoid the necessity for a multiplicity of suits: Hanna v. Chester Times, 303 Pa. 252, 256, 154 Atl. 591 (1931); Concord Liberty Savings and Loan Association v. Freedman, 61 D. & C. 2d 487, 491-92 (1973). The right to join additional parties must be exercised with caution, however, so that the proceedings will not be unnecessarily complicated or delayed. If a party is not indispensable, the court should not control the litigants' choice of parties: Goodrich-Amran §2232(c)-1.

The gravamen of the complaint in the instant action is the alleged wrongful transfer of medical programs and services from Allentown Hospital to ASH. A decree which adjudicates the propriety of such transfers must necessarily affect the interests of the transferee. If plaintiffs should be successful

in their action and the court should enjoin or limit future participation by Allentown Hospital in programs to allocate services and coordinate admissions with ASH, it is inconceivable that the interests of ASH will not be affected adversely thereby. Because of this, it seems clear that ASH is an indispensable party and should be joined as a party-defendant.

This is in accord with the decision of the Commonwealth Court in Oas v. Commonwealth, 8 Pa. Commonwealth Ct. 118, 301 A. 2d 93 (1973), which was an equity action seeking to have special grants to specific school districts declared illegal. In such an action, the court held, the school districts involved were indispensable parties. Similarly, in Snyder v. Schuylkill County Municipal Authority, 58 Schuyl. 181 (1962), which was an action to enjoin an authority from purchasing a water company, the court held that the water company was an indispensable party.

We are unable to conclude that the remaining parties suggested by petitioner are indispensable or necessary to this action. In the first place, we have nothing properly before us but the averments of the complaint. These averments disclose no direct interest in this litigation by AHEAD or by Sacred Heart Hospital. AHEAD, being an agent to collect funds, is not mentioned in the complaint, and there is no basis for finding or even supposing that it will be affected adversely by a decree in this action. Sacred Heart Hospital, although a party to the joint venture pursuant to which ASH was conceived, is not involved in any of the transfers which have drawn complaints from plaintiffs. As such, we are unable to find that it has a direct interest in the subject matter of the instant action.

Petitioner argues, however, that all parties to the agreement which settled prior litigation pertaining to Sacred Heart's participation in a plan to allocate hospital services should be joined as parties to these proceedings. This agreement, however, is not now before us. The prior litigation was determined finally, and we perceive no way in which it can be reopened or the rights of the parties altered by these proceedings. Any effect which a decree in this action might have upon the parties to the prior litigation is not only highly speculative but would, in any event, be only incidental to the issues in the instant action. Such an interest, if it exists, is insufficient to warrant unnecessary complication of these proceedings by allowing the joinder requested: Legman v. Scranton School District, supra; Hoots v. Commonwealth of Pennsylvania, 359 F. Supp. 807 (W.D. Pa. 1973). Moreover, in the unlikely event that it should hereafter appear that such parties do have a direct interest in the subject matter of these proceedings, this court has the power to direct their joinder at that time. Pa.R.C.P. No. 2232(c).

## ORDER

Now, July 25, 1975, it is ordered that Allentown and Sacred Heart Hospital Center, Inc. be, and it is hereby joined as a party defendant in the above-captioned action in equity, and plaintiffs are directed forthwith to serve upon the said Allentown and Sacred Heart Hospital Center, Inc. a copy of their amended complaint.

Except as otherwise set forth in this order, the petition of Leonard P. Pool to join indispensable parties and stay proceedings is denied.