Mechanicsburg Area School District, Petitioner *v.*
Honorable Caryl M. Kline, Secretary of Education
et al., Respondents.

Argued February 6, 1979, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER
and MACPHAIL did not participate.

*Richard C. Snelbaker,* with him *Snelbaker, Mc-
Caleb & Elicker,* for plaintiff.

*Susan J. Forney,* Deputy Attorney General, with her *Allen C. Warshaw,* Deputy Attorney General, *Norman J. Watkins,* Deputy Attorney General, *Timothy J. Holland,* Deputy Attorney General, *Robert P. Meehan,* Deputy Attorney General, and *Lester Eisenstadt,* Deputy Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, March 23, 1979:

By complaint in equity, which we shall consider as a petition for review in the nature of a complaint in equity, Pa. R.A.P. 1503, Mechanicsburg Area School District seeks injunctive and other relief against the Secretary of Education, the Secretary of Revenue, the State Treasurer and the Auditor General.

The gravamen of the School District's petition is alleged error on the part of the Secretary of Revenue, and reliance thereon by the Secretary of Education, in determining the "market value/income aid" ratio—one of three basic elements of the state subsidy formula—as mandated by the Act of August 24, 1977 (Act No. 59), P.L. 199, 24 P.S. §§25-2501 to 2502.3, which amended the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

Act No. 59 requires the Secretary of Revenue to determine and certify to the Secretary of Education the "personal income valuation" of each school district for purposes of reimbursement which shall be "the valuation of the total taxable income determined under Article III of the Act of March 4, 1971 (P.L. 6, No. 2), known as the 'Tax Reform Code of 1971'. . . ."

By separate counts against each respondent, the School District alleges its personal income valuation was incorrectly computed by the Secretary of Revenue, and relied upon by the Secretary of Education in determining its state subsidy. It seeks a recalculation

of its personal income valuation, recomputation of its subsidy payable (now paid) for the school year 1977-78 and injunctive relief against each of the respondents in their respective administrative and fiscal capacities with respect to the subsidy year in question.

Before us at this juncture are preliminary objections by the respondents asserting (1) want of jurisdiction of this Court to entertain and act upon the petition for review for failure of the School District to join all other school districts of the Commonwealth as indispensable parties, and (2) laches.

"In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Columbia Gas Transmission Corp. v. Diamond Fuel Co.,* 464 Pa. 377, 379, 346 A.2d 788, 789 (1975). *See also Oas v. Commonwealth,* 8 Pa. Commonwealth Ct. 118, 301 A.2d 93 (1973).

An examination of the averments of the School District's petition for review and its attached exhibits leads to the inescapable conclusion that any recalculation of market value/income aid ratio of petitioner School District would necessarily produce a statewide recalculation of the state instructional subsidy payable to all school districts to their respective advantage or disadvantage and after reliance by each of said school districts upon its subsidy computed and already paid for the school year in question.

The events leading to this suit, as gleaned from the petition for review and its exhibits, reveal that in 1977, after enactment of Act No. 59, the Secretary of Revenue announced the method by which he would certify a school district's personal income. The announcement stated that the information filed by individuals as part of their Pennsylvania Personal Income Tax

Form (PA-40) would be used to calculate the income figures to be certified to the Secretary of Education.

On August 29, 1977, the School District was notified by the Secretary of Education of both its market value/income aid ratio and its estimated subsidy payment. Believing that the personal income valuation factor was incorrectly calculated, the School District purchased a list of income taxpayers of the School District for the year in question. Having analyzed the information so obtained against the Secretary of Revenue's calculation of School District personal income certified to the Secretary of Education, the School District by letter advised the Secretary of Revenue of its view that an estimated 1000 taxpayers *not* residents of the School District were improperly included in his calculation. This error, it is alleged, produced a reduced subsidy to the School District of approximately $57,000. Upon failure of the Secretary of Revenue or the Secretary of Education to heed its grievance, the School District initiated this suit.

Initially, we note that the School District in its petition for review appears to concede that all school districts are or will be directly affected by this litigation and its outcome. Paragraph 19 of the petition for review alleges that ''[t]he taxpayers erroneously included in the personal income valuation attributed to Plaintiff School District should be included in the personal income valuations of other districts thereby causing erroneous determinations of Market Value/ Income Aid Ratios for other, and possibly all other, school districts in this Commonwealth.''

If this averment is not an outright recognition of the direct impact of this litigation upon all school districts of the Commonwealth, the reliefs sought here dispel any doubt. Among others, the School District seeks a recalculation of its state subsidy as influenced by the correction of the asserted miscalculation of its

personal income valuation factor, the payment to it of an alleged additional amount due to it by way of revised subsidy payment of approximately $57,000; all of which necessarily produces a ripple effect upon the subsidies calculated and paid to all school districts because of the limitations imposed by Act No. 59.[1]

The only relief we believe to arguably not require all other school districts of the Commonwealth to be joined as indispensable parties is that directed to the narrow issue of the validity of the method and means employed by the Secretary of Revenue in calculating and certifying to the Secretary of Education the personal income valuations for petitioner School District. To raise other issues and to seek the broad sweep of reliefs here sought by the School District cannot be resolved without the presence of all other school districts as indispensable parties. As they are not parties, we are without jurisdiction to proceed and must, therefore, dismiss the petition for review.[2]

## ORDER

Now, March 23, 1979, respondents' preliminary objections raising the want of joinder of all other school districts of the Commonwealth as indispensable parties are hereby sustained and the petition for review is dismissed without prejudice to petitioner by an appropriate petition for review to test the validity

---

[1] Section 16 of Act No. 59, 24 P.S. §25-2502.3 (note), establishes a dollar ceiling upon the increased subsidy costs resulting from the subsidy formula changes it prescribes and requires less than full payment of the state subsidy to all school districts if the calculated subsidy to them exceeds the amount of money appropriated by the General Assembly for that purpose.

[2] Respondents' preliminary objections raising laches are without merit. Petitioner initiated this litigation without undue delay after failing to obtain administrative relief with respect to its complaint.

of the action of the Secretary of Revenue in calculating and certifying to the Secretary of Education the personal income valuation for state school subsidy purposes as prescribed by Act No. 59.