Dick Corporation, Appellant *v.* State Public School Building Authority, Appellee.

Argued September 14, 1976, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Jack W. Plowman,* with him *Plowman and Spiegel,* for appellant.

*James R. Clippinger,* with him *Richard L. Kearns,* for appellee.

Opinion by Judge Blatt, November 1, 1976:

The Dick Corporation (appellant) has appealed from an order of the Board of Arbitration of Claims (Board) which granted partial relief to the appellant on its claim for damages under a contract with the State Public School Building Authority (Authority).

Our scope of review here is limited and we will affirm an order of the Board unless it is not in accordance with the law or the findings of fact are not supported by substantial evidence. *Department of*

*Transportation v. Acchioni and Canuso, Inc.*, 14 Pa. Commonwealth Ct. 596, 324 A.2d 828 (1974).

This appeal presents a single question of law: Where a contract between a contractor and a public agency provides that all contract deviations must be authorized in writing before the work is performed, may a contractor refuse to proceed with additional work absent the written authorization of this deviation?

The Board held that, where the solution to a particular problem had been agreed upon, the contractor was required to implement the solution, which here required extra work, even in the absence of the written authorization of a deviation, and thereby mitigate damages.[1] We disagree and, therefore, reverse the Board.

It is a well-established rule of law that where, by the terms of a contract with a governmental body, written orders for additional work are required, the contractor cannot recover for extra work without compliance with the contractual provisions. *Montgomery v. Philadelphia*, 391 Pa. 607, 139 A.2d 347 (1958); *Burke v. Allegheny County*, 336 Pa. 411, 9 A.2d 396 (1939); *Morgan v. Johnstown*, 306 Pa. 456, 160 A. 696 (1931). And we have so held. *Security Painting Co. v. Commonwealth*, 24 Pa. Commonwealth Ct. 507, 357 A.2d 251 (1976); see *Acchioni and Canuso, supra*, 14 Pa. Commonwealth Ct. at 599, 324 A.2d at 830. The basic rationale behind this rule is that such provisions prevent fraudulent and exorbitant claims for compensation for extra work and additional costs. 65 Am. Jur. 2d, *Public Works and Contracts*, §190.

---

[1] The following appears to be true, although not specifically set forth in the Board's opinion: (1) the necessary work was not covered by the contract; (2) a written deviation for this work was necessary under the contract; and (3) the contractor incurred damages or expenses, which increased with the passage of time, due to the delay.

We believe that where, as here, written authorization from the contracting governmental authority is required before the contractor can recover for additional work performed, the contractor is not required to perform such work absent the required authorization. Strict adherence to the contract provision involved here must apply equally to both parties. The contractor, by refusing to perform, took the only logical action available to him[2] and he is entitled to recover any damages suffered by him as a result of the Authority's delay in providing the written authorization.

The contractor here claimed damages before the Board in the amount of $228,116.73 on the basis of a work stoppage of 137 days and the required use of additional material, and the Board awarded $143,343.15 plus interest. The Board stated that

> [w]hen the Plaintiff was directed to continue working and to work in accordance with the solution, it was rather obvious at this time that the Plaintiff could not stand idly by and allow damages to be incurred and to be compounded due to the absence of any written deviation.

Although the Board's opinion does not indicate either the nature of the damages awarded or the basis for the computation thereof, it does appear that the appellant's award was limited by the Board's decision that the contractor should have performed the additional work in December, 1971 (when the solution to the problem was agreed upon by the parties), instead

---

[2] The precarious position of the contractor is well illustrated by *Burke v. Allegheny County, supra,* where the contract there involved required that the contractor secure a written order of the *county commissioners* as a condition to recovery of compensation for extra work performed. The court held that the contractor could not recover where the work performed was authorized in writing by the *Director of Public Works,* instead of the commissioners.

of in February, 1972 (when the written authorization was acquired). The Board's decision will be overruled, therefore, only insofar as it erroneously limited the damages recoverable, and this matter is hereby remanded to the Board for a proper computation of benefits. We believe that if the Authority's delay in obtaining the written authorization caused damage to the contractor, the fact that he refused to perform extra work and to implement the agreed-upon solution will not bar his recovery for such damage. Our decision is not intended to provide a windfall for the contractor, but merely to protect him from being put in the position of being required to perform extra work without a right to payment therefor. The contractor must, of course, act responsibly and prudently, *Emporium Area Joint School Authority v. Anundson Construction and Building Supply Co.,* 191 Pa. Superior Ct. 372, 156 A.2d 554 (1959), *rev'd on other grounds,* 402 Pa. 81, 166 A.2d 269, and can only recover for damages rightfully incurred.

The order of the Board of Arbitration and Claims is reversed and the case is hereby remanded to the Board for a computation of damages pursuant to this opinion.

ORDER

AND Now, this 1st day of November, 1976, the order of the Board of Arbitration and Claims is reversed and the case is hereby remanded to the Board for a computation of damages pursuant to this opinion.