Buckley & Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation and Commonwealth of Pennsylvania, Board of Arbitration of Claims, Respondents.

Argued December 8, 1977, before Judges Crumlish, Jr., Mencer and Blatt, sitting as a panel of three.

*John J. McAleese, Jr.,* with him *Cunniff, Bray & McAleese,* for petitioner.

*Richard S. Herskovitz,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 7, 1978:

Buckley and Company, Inc. (Buckley) appeals here from a decision of the Board of Arbitration of Claims (Board) which dismissed its complaint seeking compensation from the Pennsylvania Department of Transportation (PennDOT) for damage done to construction equipment. The Board sustained PennDOT's preliminary objection in the nature of a demurrer and this appeal followed.

Our scope of review in appeals from an order of the Board is limited to a determination of whether or not the order is in accordance with the law or whether or not findings of fact are supported by substantial evidence. *Dick Corporation v. State Public School Building Authority,* 27 Pa. Commonwealth Ct. 498, 499, 365 A.2d 663, 664 (1976). At issue here, therefore, is whether or not the Board committed an error of law in sustaining PennDOT's preliminary objection. A demurrer admits every well pleaded material fact set forth in the pleading to which it is addressed as well as all inferences deducible therefrom but not conclusions of law. *Buchanan v. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 139, 320 A.2d 117, 120 (1974). For a demurrer to be sustained, it is essential that the plaintiff's complaint indicate on its face that the claim cannot be sustained and that the

law will not permit recovery. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 503, 267 A. 2d 867, 868 (1970).

Buckley's complaint alleges that, in September 1972, it was awarded a contract by PennDOT to build the South Philadelphia approach road to the Girard Point Bridge. The contract required the construction of dual multi-girder steel structures with reinforced concrete decks and pile-supported approach slabs. After the piling work had been completed, PennDOT determined that the piling specifications had been improperly designed in that the pilings were inadequate to support the necessary load, and in an attempt to solve this problem, PennDOT directed Buckley to commence experimental work on the pilings on a force account basis (*i.e.,* Buckley would be reimbursed for additional work on the basis of time and material expended). The extra work included retapping steel piles already in place and driving additional steel piles, and the work was performed with construction equipment known as pile hammers. Due to the experimental nature of this work, Buckley was not furnished with any advance specifications designating the new depths and other particulars for the piles involved, and these specifications were in the sole discretion of PennDOT employees who formulated them on the job site as the work progressed. All of this additional work was performed under the direction and control of PennDOT, and, in the course of performing this work, Buckley was ordered over its objection to use two pile hammers in a manner which exceeded their driving capacity. This caused substantial damage to the pile hammers and Buckley seeks the cost of repairing this damage.

We have previously held that a contractor is presumed to have accepted the risk of unforeseen contingencies arising during the course of the work, unless

performance is rendered impossible by an act of God, the law, or other party. *General State Authority, v. Osage Co.*, 24 Pa. Commonwealth Ct. 276, 355 A.2d 845 (1976); *Pennsylvania Department of Transportation v. Acchioni & Canuso, Inc.*, 14 Pa. Commonwealth Ct. 596, 324 A.2d 828 (1974). In *Osage* and *Acchioni, supra,* contractors sought recovery for additional expenditures made when advance specifications supplied by the Commonwealth turned out to be incorrect and unanticipated additional work was required. We held in both cases that the contractors were bound by contractual provisions that placed the risk for the accuracy of all data on the contractor and that these provisions made recovery impossible. We believe, however, that the asserted facts of this case are distinguishable. Here, there were no advance specifications upon which Buckley could rely in supplying the pile hammers required for the additional work demanded by PennDOT. Moreover, the work here was carried out under the direct supervision of PennDOT employees. In these circumstances, we do not believe that Buckley could be considered to have assumed the risk that PennDOT's efforts to rectify its design problems would result in damage to Buckley's construction equipment.

In sustaining PennDOT's preliminary objection, the Board here relied on certain provisions concerning force account work which required the contractor to provide equipment appropriate to the work. We do not believe, however, that these provisions would bar recovery by Buckley under the facts alleged in the complaint. The work which caused the damage to the machinery was not of the type contemplated in the contract, and the damages allegedly resulted from Buckley's good faith effort to comply with its obligations under the force account provisions of the contract. To deny Buckley's recovery under the facts as

alleged would indirectly penalize Buckley because of the faulty piling specifications for which it was not responsible. Moreover, such an injustice would be compounded by the fact that the work was directly supervised by PennDOT employees and performed over Buckley's objections. We believe, therefore, that Buckley has pleaded a possible cause of action against PennDOT for damage to its machinery and that the Board erred in sustaining PennDOT's demurrer.

The order of the Board is reversed and the case remanded for further proceeding consistent with this opinion.

ORDER

AND Now, this 7th day of March, 1978, the order of the Board of Arbitration of Claims is hereby reversed and the case remanded for proceedings consistent with this opinion.