George Adamson and Allan Levin, and Fred Picket, and all Pennsylvania Liquor Control Board State Store Managers, Petitioners v. Commonwealth of Pennsylvania, and Pennsylvania Liquor Control Board, and Richard Werner, Comptroller, Pennsylvania Liquor Control Board, Respondents.

Argued October 4, 1979, before Judges Crumlish, Jr., DiSalle and MacPhail, sitting as a panel of three.

*Robert W. Barton,* with him *Robert A. Polin, Killian & Gephart,* for petitioners.

*Kenneth W. Makowski,* Acting Chief Counsel, with him *David Shotel,* Assistant Attorney General and *Edward Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE CRUMLISH, JR., January 24, 1980:

Presented for our consideration are the merits of preliminary objections filed by the Respondents, the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board (Board), and the Comptroller of the Board[1] to a Petition for Review filed by Plaintiffs, George Adamson, Allan Levin and Fred Pickett, State Liquor Store employees.

The petition, filed on behalf of all Board State Liquor Store Managers, seeks injunctive and declaratory relief as well as compensatory damages from Respondents. It alleges that specific sums of money were deducted from Petitioners' paychecks due to cash shortages which occurred in State Liquor Stores managed by the named Petitioners. It is averred by Petitioners that the money was deducted from their paychecks

---

[1] In their brief, Petitioners admit that their petition does not allege facts sufficient to support a claim against the Comptroller. Accordingly, it is ordered that the action against the Comptroller be dismissed.

without their being given an opportunity to challenge the unilateral action or present any evidence disclaiming their responsibility for the alleged shortages.[2]

Respondents have two preliminary objections: (1) in the nature of a demurrer and (2) to the legal sufficiency of the petition in establishing a basis for a class action suit.

Petitioners, in asserting the propriety of a class action suit, purport to represent approximately 1500 State Liquor Store Managers employed by the Board throughout the Commonwealth against whom Respondents have allegedly taken similar action to that taken against the named Petitioners. Petitioners assert that their petition is in "substantial conformity" to the criteria for a class action suit set forth in the Pennsylvania Rules of Civil Procedure in that it purports to represent a class so numerous that joinder is impracticable and that questions of law and fact and the legal claims and defenses are common and typical throughout the class and the purported representatives of the class.

Upon consideration of the pleadings filed and after the submission of briefs and arguments, we cannot agree that the Petition for Review is in "substantial conformity" to the necessary requirements for maintenance of a class action suit. Pennsylvania Rule of Civil Procedure No. 1702 lists five prerequisites to the maintenance of a class action suit:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

---

[2] Petitioner Adamson generally disclaims any responsibility for the cash shortage which allegedly occurred in his store, while Petitioners Levin and Pickett aver that the shortage which occurred in their stores were the result of robberies.

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

In light of the relief prayed for, *i.e.* (1) that a monetary judgment for each petitioner be entered in the amount of the pay deduction plus interest; (2) that a finding be made that deductions from the pay of petitioners are disciplinary in nature and illegal; and (3) that a mandatory injunction issue restraining respondents from making such payroll deductions in the future, we are forced to conclude that petitioners have failed to bring a proper class action under Pa. R.C.P. No. 1702. The requested relief would in no way benefit the class Petitioners seek to represent. It appears to us that Petitioners seek to represent those who, like themselves, have been accused of cash shortages and were subsequently docked pay prior to any hearing on the matter. This would be the class which Petitioners contend are being deprived of their constitutional rights. While broadly defining their class to include the approximately 1500 State Liquor Store Managers, Petitioners fail to allege how this class has been charged with cash shortages or been subjected to payroll deductions in the past or that they are threatened with such action in the future. It is thus apparent that the claims of the representative parties are not typical of the claims of the entire class. Furthermore, should the relief prayed for by Petitioners be granted, the interests of the class remain unchanged. Clearly, in an

action assertedly brought on behalf of a class, it must appear that the relief sought will benefit the class. *See Klemow v. Time, Inc.,* 466 Pa. 189, 352 A.2d 12 (1976) ; *cert. denied,* 429 U.S. 828 (1976).

There is no doubt that Petitioners have improperly extended themselves by including all State Liquor Store Managers in their class action. As this Court stated in *Oas v. Commonwealth,* 8 Pa. Commonwealth Ct. 118, 127, 301 A.2d 93, 98 (1973) :

The responsibility for determining and describing the proper class must be placed upon those bringing (or moving) the action. Where the class is so grossly ill-defined and unreasonably broad, as here, the plaintiffs have failed to bring a proper class action and the complaint must be dismissed.

We therefore hold that Petitioners have failed to meet the minimum requirements necessary for the maintenance of a class action suit and we will sustain the Respondents' preliminary objection with regard to the legal sufficiency of the petition in establishing a basis for a class action suit.

We turn our attention now to the Respondents' preliminary objection in the nature of a demurrer. In order for a demurrer to be sustained, it is essential that the Petition for Review indicate on its face that a claim cannot be sustained and that the law will not permit a recovery. *Buckley & Co. v. Department of Transportation,* 34 Pa. Commonwealth Ct. 182, 382 A.2d 1298 (1978). It must be clear that the demurring party is entitled to judgment in his favor before a demurrer can be sustained. As presently pleaded, the Petition for Review does not contain enough facts for this Court to determine whether or not Petitioners have a cause of action. Accordingly, we will dismiss the demurrer without prejudice and direct that an

amended petition for review be filed. As the present briefs do not adequately address the preliminary objections in the nature of a demurrer, the parties will be permitted to file supplemental briefs with this Court if they care to do so.

Accordingly, we

ORDER

AND Now, this 24th day of January, 1980, the preliminary objection to the legal sufficiency of the petition in establishing a basis for a class action suit is sustained. The preliminary objection in the nature of a demurrer as to the sufficiency of the allegations against Respondent, Richard Werner, is sustained. The preliminary objection in the nature of a demurrer as to the remaining Respondents is dismissed without prejudice, with leave to Respondents again to plead a demurrer in the event that an amended petition is filed. Petitioners, as individuals, are granted leave to file an amended petition within 20 days of this Order.

Both parties will be given 20 days from the date of filing of the amended petition for review to file supplemental briefs dealing with the merits of the amended petition for review and the preliminary objection in the nature of a demurrer, if one is filed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.