## Appeal of Emerick

*David L. Kurtz,* for petitioner.
*Herbert A. Schaffner*, for respondent.

CALDWELL, *J.*, May 7, 1981—This is a petition for appeal originally filed on November 30, 1979, by the owners of six parcels of real estate situate in Dauphin County, from decisions of the Dauphin County Board of Assessment Appeals. The appeal is aimed at overturning the method used to value residential real estate for tax purposes, and questions the assessment ratio currently in use in the county.

Essentially petitioners contend that the fair market value appraisals of Dauphin County real property are improper in that these appraisals utilize the replacement cost less depreciation method, which has been disapproved by the Supreme Court of Pennsylvania. Moreover, the 30 percent assessment ratio adopted by respondent board has been attacked on the ground that it is not the *actual* level of assessment ratio applied in the county, and that 16.7 percent is the correct ratio, apparently based

upon an analysis of sales of residential real estate. Petitioners seek to have true market values established for the properties in question and to have the actual assessment ratio applied uniformly to these properties.

The action was begun as a purported "class action" as permitted by a 1978 amendment to the Fourth to Eighth Class County Assessment Law [72 P.S. 5453.701(b)]. Preliminary objections were filed by the board and by memorandum and order of June 10, 1980, we decided that an action initiated under this vague authority must nonetheless comply with the Pennsylvania Rules of Civil Procedure governing class actions (Rules 1701 et seq.).

An amended complaint was filed on July 10, 1980, and on December 2, 1980, we conducted a hearing to determine whether these appeals should be certified as a class action, so as to include the estimated 80,000 owners of residential parcels of real estate located in Dauphin County. Pursuant to our direction a brief on the issues involved in certification was filed by appellants on February 13, 1981, and the board's responsive brief was received about March 26, 1981.

After study of the many considerations involved in class certification we have decided that this proceeding is not suitable or appropriate for a class action, and petitioner's request for certification as such is denied.

Petitioners desire that this case be certified as a class action because under Rule 1706 respondents are deemed to have admitted all averments of fact not denied in compliance with Rule 1029. Although the amended complaint filed by the representative petitioners was not answered, it merely sets forth the wording of Rule 1701 with brief references to its application to the present litigation. A court cannot

be required to accept these bare allegations and automatically certify the case as a class action, for otherwise a certification hearing would be an unnecessary proceeding. The fact that a certification hearing is mandatory under Rule 1707 emphasizes its important function as a device to sift out those cases which should not proceed as class actions from those that should.

The present fact pattern convinces us that a class action here is inappropriate. Our reasoning is grounded initially in the interaction of Rules 1708 and 1709 with Rule 1702, which sets forth the prerequisites to a class action as follows:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

First, we have attempted to come to grips with the matter of accurately identifying the proposed "class" and have found no satisfactory answer. The testimony presented by petitioners at the hearing equivocated on this issue. The amended complaint makes reference to "approximately 60,000 Dauphin County residential property owners." The original petition, however, refers to "all residential property owners similarly situated." The exhibits at the hearing indicated that 82,056 is the actual

number of residential property owners in Dauphin County. It appears that the numerosity requirement for class actions is met but the question still haunts us of who constitutes the class.

In Oas v. Com., 8 Commw. 118, 301 A. 2d 93 (1973), the court addressed the issue of identification of the class on whose behalf the action was brought. In holding that a broad-sweeping taxpayers' suit was inappropriate for class disposition, the Commonwealth Court stressed the necessary for "lines . . . to keep class actions within reasonable bounds" and specifically noted that one of the lines is that those with interests adverse to those of the purported representatives may not properly be included in a class action: Id. at 126-27. Furthermore, the court stated,

If the plaintiffs are correct in their approach to this case, then all plaintiffs, in the future, would need only state that they represent all citizens of the Country, excepting only the named defendants, no matter what their interests or positions might be, and the courts then would be put to the task of determining such far-reaching allegations by reducing the class to its proper parameters for the plaintiffs. The responsibility for determining and describing the proper class must be placed upon those bringing (or moving) the action. Where the class is so grossly ill-defined and unreasonably broad, as here, the plaintiffs have failed to bring a proper class action and the complaint must be dismissed: Id at 127.

On the basis of the points discussed above, i.e. sufficient identification of the class and common interests, we could refuse certification even if the other criteria in Rule 1702 were met. We note also, however, that these further requirements have not

been met so as to warrant a class action. Common questions of law and fact and typicality of claims are lacking. Although petitioners have argued that the commonality requirement is met, we conclude that each parcel of real estate would have to undergo reappraisal, and petitioners, in the testimony presented at the certification hearing, admitted that certain parcels have probably been assessed too high and others, too low. Therefore, the typicality of claims provision is not met.

Obviously petitioners cannot be representative of the whole class of residential property owners in Dauphin County, in that those who have been under-assessed would balk at an action that ultimately will raise their taxes. Petitioners cannot seriously contend that those who would experience these tax increases would be gratified simply because petitioners' action resulted in a uniform standard of assessment. To accept petitioners' assertions on typicality is to ignore human nature as well as the legal precedent stated in Oas, supra. Citing Oas, the Commonwealth Court in Adamson v. Com., 49 Pa. Commw. 54, 410 A. 2d 392 (1980), reiterated that "it must appear that the relief requested will *benefit* the class."Id. at 58 (Emphasis supplied.) See also Klemow v. Time, Inc., 466 Pa. 189, 352 A. 2d 12 (1976), cert. denied, 429 U.S. 828 (1976). Under this rationale, it is impossible for plaintiffs to meet the Rule 1702 requirement that the representative parties "adequately assert and protect the interest of the class."

Although Rule 1702 is not as rigid as the federal rule on class actions, in that it does not require that the class method be the "superior" method of "fair and efficient adjudication of the controversy" [Federal Rule 23(b)(3)], it does require that the court determine that it is at least "a fair and efficient"

348

method. For the reasons stated this requirement cannot be met under the present set of facts.

Accordingly to Rule 1702 each requirement must be met before a case will be certified. Having failed to conform to this standard, certification will not be granted in this case.

## ORDER

And now, May 7, 1981, the request for certification of the within proceeding as a class action suit is denied and refused.