466 A.2d 163

**Benjamin Paul SHERRER, Individually And On Behalf Of a Class And Of Subclasses of Which He is a Member**

v.

**William H. LAMB.**

**Appeal of Benjamin Paul SHERRER.**

Superior Court of Pennsylvania.

Argued April 12, 1983.

Filed Sept. 23, 1983.

Joseph P. Green, Jr., Assistant Public Defender, West Chester, for appellant.

Lee Russlander, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before HESTER, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

This is an appeal from an order dismissing appellant's class action complaint in equity, on the basis of preliminary objections as to jurisdiction.

Appellant Sherrer was arrested and incarcerated on January 26, 1978, on the basis of an outstanding bench warrant which had been issued on October 31, 1974. The warrant had been issued in connection with an alleged burglary that had occurred in July of 1969.

On or about February 16, 1978, appellant, through his attorney, the Public Defender of Chester County, filed a petition for writ of habeas corpus alleging that he was illegally confined on the charges contained in indictment No. 76 September Term, 1973. A hearing on the petition for writ of habeas corpus was scheduled for March 8, 1978. On March 7, 1978, appellant filed a class action complaint in equity, which is the subject of this action. The habeas corpus hearing was held before the Honorable Thomas Pitt of the Court of Common Pleas, Chester County. By order dated March 8, 1978, Judge Pitt dismissed the charges against appellant and ordered that all outstanding warrants be quashed.

On or about April 10, 1978, appellee District Attorney filed preliminary objections to the complaint in equity, contending that the action was moot, and under separate heading challenging the class action allegations. On May 3, 1978, appellant filed an answer to these preliminary objections. After briefs were submitted, on June 3, 1980, the Honorable Leonard Sugerman of the Court of Common Pleas, Chester County, issued an order sustaining the pre-

liminary objections and dismissing the complaint. This appeal followed.

The process by which the court below reached its conclusion was as follows. As was stated earlier, appellee filed preliminary objections as to the class action allegations, and as to jurisdiction—specifically alleging that appellant's action was moot. The lower court, while stating that it was "not directly treating the issue of class action status", proceeded to do so anyway and concluded that the appellant had failed to move for class action certification under Pa.R. C.P. 1707. Accordingly, the lower court treated the matter as an action by the appellant in his individual capacity. It then went on to sustain appellee's preliminary objections as to jurisdiction, specifically concluding that appellant's action was moot.

Appellant makes two arguments on appeal.

He first argues that the court below erred in ruling that he had failed to move for class action certification, and in consequently treating the matter as an action in his individual capacity only. We agree.

The lower court based its ruling on the following. Pa.R. C.P. 1707(a) provides that, "within thirty (30) days after the pleadings are closed or within thirty (30) days after the last required pleading was due, the plaintiff shall move that the action be certified as a class action ...." The accompanying Explanatory Note states that, "A representative party who does not move promptly may be charged with failure to represent the class adequately and runs the risk of removal under Rule 1713(a)(5)."

As appellant had not yet moved for certification, the court below concluded that it should treat the action as an action in appellant's individual capacity only. Such reasoning is flawed. Appellant was under no obligation to move for certification at this stage of the proceedings. Surely, it cannot be said that the pleadings were closed here or that the last pleading was past due. When preliminary objections have yet to be ruled on, there is always the possibility,

depending on their disposition, that an answer will be required.

█ Moreover, we note the lower court's failure to adhere to the procedural sequence outlined by the class action rules, Pa.R.C.P. 1701 *et seq.* The class action rules, Pa.R.C.P. 1701 *et seq.*, specify a sequence in which a class action should proceed. Preliminary objections are to be disposed of prior to consideration of the question of certification, which is to be determined at a hearing held specifically for that purpose. See Pa.R.C.P. 1707 and Explanatory Note. In fact, the lower court should not have concerned itself with the preliminary objections to the class action allegations at all. These preliminary objections were recognized by the court below as raising issues of fact. (Slip opinion, 5). Therefore, they should have been dismissed at the outset, and appellee instead should have been instructed that such issues are properly raised by way of answer. Pa.R.C.P. 1705. See also, Goodrich-Amram 2d, Vol. 5, supplement § 1705:1.

We now turn to the second issue. Appellant argues on appeal that although he has been released from confinement, his case is not moot as it is one which is capable of repetition, yet evades appellate review.

█ The general rule is that an actual case or controversy must exist at all stages of the judicial process. *In Re Gross*, 476 Pa. 203, 382 A.2d 116 (1978); *Meyer v. Strouse*, 422 Pa. 136, 221 A.2d 191 (1966); *Conti v. Pennsylvania Department of Labor and Industry*, 405 Pa. 309, 175 A.2d 56 (1961). This has long been considered to be essential to this court's jurisdiction. *Commonwealth ex rel. Appellant v. Cairns*, 48 Pa.Super. 265 (1911).

However, an exception to this doctrine has been repeatedly recognized by our appellate courts for cases "of a recurring nature, capable of avoiding review …." *Allen v. Colautti*, 53 Pa. Commonwealth 392, 397, 417 A.2d 1303, 1306 (1980). See also, *Colonial Gardens Nursing Home, Inc. v. Bachman*, 473 Pa. 56, 373 A.2d 748 (1977). Al-

though appellant essentially concedes that his release from prison, subsequent to the filing of the action, would normally moot his challenge, he asserts that the present case falls within the above described exception.

Were this not a class action we would have considerably less difficulty in deciding whether appellant has presented a claim which is "capable of repetition, yet evades review." A succinct definition of the phrase was set forth in a recent opinion of our court. "Class actions aside, a case is 'capable of repetition, yet evading review' when '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Commonwealth v. Roger Buehl, Appeal of Philadelphia Newspapers, Inc.*, 316 Pa.Super. 215, 220, 462 A.2d 1316, 1319 (1983). This definition is based on, and is essentially a quote of, that which was set forth by the United States Supreme Court in *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975).

Unfortunately, we, and presumably the parties, have been unable to locate in any Pennsylvania cases such a precise definition of mootness for the class action situation. Consequently, we have looked to the United States Supreme Court as did the panel in *Commonwealth v. Buehl, supra.* A survey of the relevant cases reveals that one critical inquiry is whether that which is challenged is of such a nature that it escapes appellate review at the behest of any single petitioner. This is similar to the first prong of the definition outlined for the non-class action situation. As to the second prong, however, the class action situation differs in focus. Although the possibility of the named petitioner encountering the challenged procedure again is frequently mentioned in the case law, such factor is not determinative. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Instead, the focus is on whether the challenged procedure operates in such a way that there is a "constant existence of a class of persons suffering the deprivation."

*Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54, 63 (1975); *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Sosna, supra; Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). As we stated at the outset, such definition is based on Federal case law. However, the essence of what we have just expressed is consistent with the spirit of that which has been enunciated by this court. In ruling that an eighteen year old petitioner's challenge of certain Child Welfare Service practices was not moot, our court concluded that the issues presented were by their nature "capable of repetition, yet evading review," after first noting that "... although appellee did not bring this action as the representative of a class ... the subject of this appeal may fairly be viewed as a continuing controversy that affects a large number of persons." *Janet D. v. Carros*, 240 Pa.Super. 291, 309, 362 A.2d 1060, 1069 (1976).

Armed with the standards outlined above, we shall now set about the task of deciding whether appellant's claim is one which is "capable of repetition, yet evades review."

The pleadings reveal that appellant in this action is challenging Chester County's practice of issuing bench warrants—which he alleges are not based on sworn or affirmed testimony, and is done without notice or probable cause. He alleges that he is a member of a class of individuals who has been charged with a crime and against whom a bench warrant has been issued.

■ In his brief, appellant outlines the possibilities for an individual who has been jailed as a result of a bench warrant. Like himself, such individual may successfully seek relief by way of habeas corpus proceedings.[1] Similarly, an individual could seek to have the warrant quashed and bail reinstated. If an individual is unsuccessful in either or both of the above, appellant argues that the

---

1. It is well settled that a defendant may not immediately appeal from the denial of his pre-trial application for habeas corpus relief. *Commonwealth v. Hess*, 489 Pa. 580, 414 A.2d 1043 (1980); *Commonwealth v. Myers*, 457 Pa. 317, 322 A.2d 131 (1974).

matter will be disposed of within a short time due to the mandates of Pa.R.Crim.P. 1100. An individual who pleads guilty or is found guilty will then be properly subject to a court's sentence. By the time a judgment of sentence is appealed, assuming it is, incarceration on the basis of a bench warrant will have become academic.

■ That there is constantly a class of persons in Chester County who have been charged with a crime and against whom a bench warrant has issued cannot be seriously disputed. Additionally, as the discussion of possibilities for an individual against whom a bench warrant has issued demonstrates, appellate review is essentially foreclosed. Accordingly, we conclude that appellant's claim is not moot. Our conclusion is in no small measure influenced by the analysis of the United States Supreme Court in *Gerstein, supra,* which involved a challenge to certain Florida pre-trial detention procedures. Therein the court at footnote eleven stated:

> 11. [6b] At oral argument counsel informed us that the named respondents have been convicted. Their pretrial detention therefore has ended. This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. See *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly "capable of repetition, yet evading review."

> At the time the complaint was filed, the named respondents were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in

custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness under *Sosna.* But this case is a suitable exception to that requirement. See *Sosna, supra* [419 U.S.] at 110 [402] n. 11 [95 S.Ct. at 559 n. 11], 42 L.Ed.2d 532; *cf. Rivera v. Freeman,* 469 F.2d 1159, 1162–1163 (CA9 1972). The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case.

*Gerstein, supra,* 420 U.S. at 111, 95 S.Ct. at 861, 43 L.Ed.2d at 63.[2]

Finally, a cautionary note is in order. Our holding today concerns itself only with the propriety of dismissing appellant's complaint on preliminary objections. Our conclusion does not automatically establish that a class action is a fair and efficient method of adjudication here, that certification is dictated, or that appellant as a representative party will

---

**2.** Initially, for the class action "capable of repetition, yet evading review" exception to apply, the class was required to be certified prior to the named representative's claim becoming moot. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Recently, however, the United States Supreme Court applied this exception to a pre-certification class. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

In the Pennsylvania scheme, concerns with certification are inapposite at this stage. The sequence of the rules dictates that challenges to the pleadings be disposed of prior to certification; thus, it would be impossible for a class to be certified at this juncture. See Pa.R.C.P. 1707, Explanatory Note. The rules provide that all class members are parties to the action from the moment it is instituted—until such time as they may be excluded. See Pa.R.C.P. 1701(a); Goodrich-Amran 2d, Vol. 5, supplement § 1701(a):1.

fairly and adequately represent the interests of the class. Additionally, we express no opinion on the merits of appellant's claim. Our focus today is narrow, and is only aimed at insuring the policy expressed by our Supreme Court that "... rules of procedure govern the legal journey from filing to final order or judgment." *Boyle v. O'Bannon*, 500 Pa. 495, 498, 458 A.2d 183, 185 (1983). (footnote omitted).

Order reversed and case remanded. We do not retain jurisdiction.