**Commonwealth ex rel. Baldwin v. Smolkowicz**

*Mark C. Baldwin, district attorney,* for the Commonwealth.

*Emmanuel H. Dimitriou,* for defendant.

SCHAEFFER, *P.J.,* February 5, 1993—This matter has again come before us, this time on the district attorney's motion for judgment on the pleadings and/or for summary

judgment. The parties have filed their briefs of argument and, on December 7, 1992, presented oral argument. The case is now ripe for decision.

The undisputed facts are that the defendant was duly elected city councilman for the city of Reading, a third-class city in Berks County, Pa., at the November 1991 municipal election, for a four-year term, and that he served as a city councilman from January 16, 1992, to November 10, 1992, on which latter date he resigned.

On June 4, 1992, he pled guilty to three misdemeanor charges involving a five-year-old child: indecent assault, indecent exposure and endangering the welfare of children; and was sentenced to a total probationary period of five years. The crimes were committed long before he assumed public office and had nothing to do with the way he conducted himself in office.

In an opinion in this matter dated September 4, 1992, we determined that these were infamous crimes.

We found that Article II, section 7, of the Constitution of Pennsylvania bars all persons convicted of an infamous crime from serving in the Pennsylvania legislature or from holding public office in Pennsylvania and that Article VI, section 7, removes all persons so convicted from public office. The Constitution does not define the term "infamous crime."

The Supreme Court of Pennsylvania in 1842, after reviewing the common law authorities, held that an infamous crime was one which disqualified a person convicted thereof from giving evidence in a judicial proceeding

*or* serving as a juror.[1] *Commonwealth v. Shaver,* 3 Watt. & Serg. 338 (Pa. 1842).[2] The court also held that the law in force for the time being should determine whether a crime was infamous or not. *Shaver, supra,* at 341. We interpret this as a direction to us to apply the definition of an infamous crime, as given by the court in *Shaver,* to the law as it exists now to determine whether or not a crime is infamous at the present time.

Doing that, we find that all felonies, all first-degree misdemeanors and all second-degree misdemeanors are now infamous crimes. This is because the legislature has barred all persons convicted of such crimes from serving as jurors. Act of June 26, 1980, P.L. 266, no. 78; 42 Pa.C.S. §4502.

While we recognize the immense scope of the change the legislature has made, we find that we cannot, as a court of first instance, redefine what the Supreme Court has so specifically defined. If we could do so, the definition of an infamous crime might vary from judicial district to judicial district and leave the important provisions set forth in Article II, section 7, and in Article VI, section 7, of the Pennsylvania Constitution clouded and uncertain. If the definition of an infamous crime is to be changed or restricted, the change must come

---

1. Article VI, section 9, of the Constitution of 1838 (in effect in 1842) provided for the removal of public officers on conviction of misbehavior in office or of *any infamous crime.* (emphasis added)

2. *Commonwealth v. Shaver,* although venerable, is the seminal case defining an infamous crime in Pennsylvania. It has been cited nine times by the Supreme Court, two times by the Superior Court and two times by the Commonwealth Court and was last cited by the Supreme Court in 1991.

from the Supreme Court, the legislature, or an amendment to the Constitution itself.

We also note that the expansion of the definition of an infamous crime to include misdemeanors is not without precedent. The Supreme Court of the United States in 1922 held that willful nonsupport of a dependent child was an infamous crime under the Fifth Amendment to the federal Constitution. *United States v. Moreland,* 258 U.S. 700 (1922).

However, even if we were to redefine what the Constitution means by use of the words "infamous crime," we would find that crimes which involve the sexual molestation of a five-year-old girl by a mature person who at the time had the child in his care are, by today's contemporary standards, infamous. When a Constitution refers to "infamous crimes," the term obviously invites interpretation "in harmony with conditions and opinions prevailing from time to time," quoting Mr. Justice Brandeis dissenting in *United States v. Moreland, supra,* at 451.

Thus, at this juncture, the court has determined that the defendant has been convicted of three infamous crimes.

In his complaint the district attorney claimed in paragraph III (4) that:

"The Constitution of the Commonwealth of Pennsylvania, Article 2, section 7, states that 'no person ... convicted of ... [an] infamous crime, shall be ... capable of holding any office of trust or profit in this Commonwealth....'"

The ad damnum clause of the complaint reads:

"Wherefore, relator (the district attorney) prays that a judgment of ouster be granted against the defendant, that a forfeiture of and vacancy in the office of councilman,

city of Reading, be declared and *for such other and further relief as this court shall deem just and equitable.*" (emphasis added)

Therefore, we find that the district attorney in his complaint has challenged the right of the defendant to hold any office of trust or profit in Pennsylvania.

What the district attorney is seeking is a declaratory judgment from this court that will determine the defendant's right to hold public office.

Declaratory judgment counts may now be joined in one complaint with counts in equity and/or at law. Pa.R.C.P. 1602. Defendant filed preliminary objections in this case but did not object to the form or specificity of the complaint. Therefore, when the complaint alleges facts without specificity which set forth a cause of action, the defendant, not having asked for a more specific pleading, has waived any objection he might otherwise have had to the generality and all inclusiveness of the complaint. *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983).

The language of section 7 of Article II of the Constitution of Pennsylvania makes the defendant now, and in the future, incapable of serving in the Pennsylvania legislature or of holding public office in Pennsylvania.

Defendant argues that, nevertheless, he cannot be barred from holding public office because he entered into a plea bargain at the time of his sentencing on the criminal charges and that the plea bargain did not include any provision that he could not, in the future, hold public office. He also points out that his sentence did not expressly remove him from his office as a city councilman nor bar, or

attempt to bar, him from holding public office.[3] Therefore, the defendant contends that if we were to deny him the right to hold public office now, and in the future, we would violate his due process rights.

At the outset, we note that the object of the removal of a public officer for misconduct is not to punish the officer, but to improve the public service. Therefore, his removal from public office, and his ineligibility in the future to hold public office are not part of his punishment and not the proper subject of a plea bargain.

Defendant's argument fails on another ground as well. Once defendant is convicted of a crime and that crime is determined to be infamous, the Constitution itself prevents him from thereafter holding public office.

The district attorney did not, and does not, have the power to enter into a plea bargain which specifically reserves in the defendant the right thereafter to hold public office in spite of his conviction of one or more infamous crimes. The Constitution has taken away that right. As long as the defendant stands convicted of an infamous crime, he cannot hold public office. Since the district attorney could not have expressly entered into a plea bargain permitting the defendant to hold public office,

---

3. The Act of August 14, 1963, P.L. 1048, no. 452, section 1, 42 P.S. §121, authorizes the sentencing court to remove a defendant from public office at the time of his sentencing, if the defendant is sentenced for extortion, embezzlement, bribery, malfeasance or misfeasance in office, or fraudulent conversion of public monies or property, or for any misdemeanor in office. It does not authorize a court to remove a defendant from public office as a part of his sentence when the sentencing is for an infamous crime unrelated to the manner in which he conducted himself in office.

the district attorney cannot be deemed by his silence to have effected the same result.

Defendant further argues that even if the defendant cannot ever in the future hold public office, the court cannot take action now to adjudicate that issue, as defendant does not now hold a public office and, therefore, the question is moot. We disagree.

Where, as in the case at bar, the defendant held public office at the time the action was commenced and then resigned his public office just as the court was about to rule on whether or not he must be removed from that office, we hold it would be a waste of judicial time and resources to declare the present action moot and require the district attorney to start anew at such future time as the defendant may accept, or become a candidate for, public office.[4]

If the defendant had not resigned, we could have barred him from holding future public office, as the Supreme Court of Arizona did in *State v. Bohannan*, 421 P.2d 877 (1976), when it removed one Bohannan from public office and barred him in the future from holding public office after he had committed a crime which under the law of that state made him ineligible to hold public office.

The Supreme Court of Pennsylvania in *In re Joseph P. Braig*, 527 Pa. 248, 590 A.2d 284 (1991), proceeded to determine whether Judge Braig was guilty of mis-

---

4. In *Petition of Hughes and Petition of Jannotti*, the Supreme Court of Pennsylvania determined that Mr. Jannotti, who was not then holding public office, could not be a candidate for public office because he had been convicted of an infamous crime, mail fraud. *Petition of Hughes, Petition of Jannotti*, 516 Pa. 90, 532 A.2d 298 (1987).

behavior in office and therefore whether he was "ineligible for judicial office" after Judge Braig had resigned his judicial office.[5]

If the defendant could render his case moot by resigning his office before the court can rule, he could prevent judicial review of his eligibility for public office whenever the issue arises by simply resigning before the court can act. Such a result would make a mockery of the Constitution and prevent judicial review of the important issues involved. Therefore, the general rule that an actual case or controversy must exist at all stages of the judicial process does not apply where, as here, the case can recur and is capable of evading review. *Sherrer v. Lamb*, 319 Pa. Super. 290, 466 A.2d 163 (1983).

For these reasons, on the factual and procedural posture of the case at bar, we hold defendant's plea bargain cannot prevent a determination of his ineligibility to hold public office and that these proceedings are not moot, find from the pleadings that Mark J. Smolkowicz has been convicted of three infamous crimes, enter judgment on the pleadings in favor of the Commonwealth of Pennsylvania and against the defendant, Mark J. Smolkowicz, and hold that he is forever barred from serving in the Pennsylvania legislature or from holding any office of trust or profit in Pennsylvania.

Accordingly, we enter the following

---

5. Judge Braig was charged with the federal offense of mail fraud and pleaded guilty to that charge in federal court on June 29, 1989. He had resigned as a judge in March 1989. *Braig v. State Emp. Retirement Board*, 138 Pa. Commw. 124, 587 A.2d 371 (1991). On April 29, 1991, the Supreme Court rendered its decision.

## ORDER

And now, February 5, 1993, upon consideration of the pleadings in this case and the motion of the Commonwealth for judgment on the pleadings, it is ordered and decreed that the Commonwealth's motion for judgment on the pleadings be, and the same hereby is, granted and judgment is entered in favor of the Commonwealth and against the defendant, Mark J. Smolkowicz, and the said Mark J. Smolkowicz be, and he hereby is, forever barred from serving in the Pennsylvania legislature or from holding any office of trust or profit in the Commonwealth of Pennsylvania, until the Constitution is redefined or amended to permit him to do so.