## Green v. Saturn Corp.

C.P. of Philadelphia County, January Term 2000, no. 685.

*Sherrie R. Savett,* for plaintiff.
*Joseph E. O'Neil,* for defendant.

HERRON, *J.,* June 2, 2000—Plaintiff Debra Green has filed a class action suit in which she alleges that defendant Saturn Corp. misrepresented that its 1996 Saturns had been treated with Scotchgard to bolster the durability of the interior of the vehicle. In response, the defendant has filed preliminary objections, each of which is addressed in a contemporaneously issued order. For clarity, the reasons for these rulings will be set forth separately below.

*The court has overruled the preliminary objection as to the failure of the complaint to allege a legally cognizable class.* A court should not concern itself with preliminary objections relating to the class until the certification hearing stage of the proceedings. *Sherrer v. Lamb,*

319 Pa. Super. 290, 294, 466 A.2d 163, 165 (1983). See also, Pa.R.C.P, 1705 (issues of fact with respect to the class action allegations are not to be raised in preliminary objections). Because no certification hearings may be held "until the pleading stage is concluded, [and] attacks on the form of the complaint or demurrers to attack the substance" have already been disposed of, *Niemiec v. Allstate Insurance Co.,* 721 A.2d 807, 810 (Pa. Super. 1998),[1] this objection, which relates to the class, is properly raised after the pleadings have been closed and not at the preliminary objection stage.

*The court has overruled the preliminary objections as to the defendant's contention that the complaint fails to allege facts necessary to support a claim of false advertising under section 201-2(4)(v) of the Unfair Trade Practices Consumer Protection Law, 73 Pa.C.S. 201-1 et seq.* To sustain a claim under section 201-2(4)(v), a plaintiff must show "(1) that defendants' advertisement is a false representation of a fact, (2) that it actually deceives or has a tendency to deceive a substantial segment of its audience, and (3) that the false representation is likely to make a difference in a purchasing decision." *Weinberg v. Sun Co. Inc.,* 740 A.2d 1152, 1167 (Pa. Super. 1999)

---

1. One case appears to be an isolated exception to this rule. In *Adamson v. Commonwealth,* 49 Pa. Commw. 54, 410 A.2d 392 (1980), the Superior Court thoroughly measured the proposed class against the class requirements and, based on the defendant's preliminary objections, concluded that the plaintiff's action would not benefit the class. However, this case, decided less than three years after the class action rules were adopted, is the only one in which a Pennsylvania court has examined the class itself when reviewing preliminary objections and appears to violate the prinicple set forth in later cases.

(citing *Commonwealth v. Hush-Tone Indus.,* 4 Pa. Commw. 1, 21 (1971)). The complaint alleges facts to support each of these elements and is therefore sufficient to sustain a claim for false advertising. See complaint, ¶¶2, 17, 18, 19, 22, 27.

*The court has sustained the preliminary objections as to the defendant's contention that the complaint fails to allege facts necessary to support a claim for breach of written warranty under section 201-2(4)(xiv) of the Unfair Trade Practices Consumer Protection Law.* Section 201-2(4)(xiv) states that "failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to, or after a contract for the purchase of goods or services is made" is unlawful. Accordingly, a plaintiff cannot sustain a cause of action for a breach of a written warranty in the absence of such a written warranty. *Kaplan v. Cablevision of Pa. Inc.,* 448 Pa. Super. 306, 671 A.2d 716 (1996), Moreover, Rule 1019(h) of the Pennsylvania Rules of Civil Procedure requires that a writing relied upon be attached or that an explanation for its absence be given. The plaintiff has neither attached a writing nor given any explanation for its absence as required by Rule 1019(h).

*The court has sustained the preliminary objections as to the defendant's contention that the complaint fails to allege facts necessary to support a claim for fraud under section 201-2(4)(xxi) of the Unfair Trade Practices Consumer Protection Law.* Two essential elements of common-law fraud are knowledge and scienter. See *Prime Meats Inc. v. Yochim,* 422 Pa. Super. 460, 469, 619 A.2d 769, 773 (1993). The complaint alleges nei-

ther and thus does not support a common-law fraud claim.

*The court has sustained the preliminary objections as to the defendant's contention that the complaint fails to allege facts necessary to support a claim for breech of contract.* In *Electron Energy Corp. v. Short,* 408 Pa. Super. 563, 597 A.2d 175 (1991), the Superior Court stated that "it is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract." 408 Pa. Super. at 567, 597 A.2d at 177. In addition, if a pleading is based on a writing, the material portion of the writing is to be attached or, if it is not accessible to the pleader, the substance of the writing is to be set forth along with the reason that the writing is not available. Rule 1019(h). While the Uniform Commercial Code does not pre-empt a breech of contract claim, see *Moscatiello v. Pittsburgh Contractors Equipment Co.,* 407 Pa. Super. 378, 386, 595 A.2d 1198, 1201-1202 (1991), the plaintiff's complaint does not meet the particularity or writing requirements of Rule 1019 of the Pennsylvania Rules of Civil Procedure.

*The court has overruled the preliminary objections as to the defendant's contention that the complaint fails to allege facts necessary to support a claim for breach of express warranty.* Under the Uniform Commerical Code, a seller's description of the goods that becomes part of the basis of the bargain creates an express warranty that the goods will conform to that description. 13 Pa.C.S. §2313. In general, all of the statements of the seller become part of the basis of the bargain "unless good reason is shown to the contrary." Section 2313, comment 8.

Here, the defendant has not provided any indication that the Scotchgard representations are not part of the basis of the bargain, and thus, the representations are deemed to have created an express warranty. Consequently, the plaintiff alleges the notice and warranty required to sustain her claim for breach of express warranty.

*The court has overruled the preliminary objections without prejudice as to the defendant's contention that the plaintiff does not have standing to claim violations of other states' laws.* Pennsylvania permits a plaintiff to bring a class action lawsuit on behalf of a national class. *Weinberg,* 740 A.2d at 1164. The plaintiff's ability to proceed in representing a national class will be severely impaired if the defendant's objection on this count is sustained. If a national class is not certified, the defendant may raise this objection again at a later point in time.

*The plaintiff has been permitted to file an amended complaint to address those objections that the court has sustained.* In the event a preliminary objection based on legal insufficiency in the nature of a demurrer is granted, the pleader has a right to file an amended pleading if she has not done so already. 5A Standard Pa. Practice 2d §25:66. See also, *Otto v. American Mutual Insurance Co.,* 482 Pa. 202, 205, 393 A.2d 450, 451 (1978) (stating the "[t]he right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully"). Consequently, the court has permitted the plaintiff to file an amended complaint to address those objections sustained in the court's order.